**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05C 2889 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| CLEVERLINK TRADING LIMITED, a | ) | Magistrate Judge Jeffrey Cole |
| Cyprus limited liability company; | ) | |
| | ) | |
| REAL WORLD MEDIA, LLC, a | ) | |
| California limited liability company; | ) | |
| | ) | |
| BRIAN D. MUIR, individually, and as an officer | ) | |
| or director of Cleverlink Trading Limited; | ) | |
| | ) | |
| JESSE GOLDBERG, individually, and | ) | |
| as an officer or director of Cleverlink | ) | |
| Trading Limited and Real World Media, LLC; and | ) | |
| | ) | |
| CALEB WOLF WICKMAN, individually, and | ) | |
| as an officer or director of Cleverlink | ) | |
| Trading Limited and Real World Media, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**TEMPORARY RESTRAINING ORDER, OTHER EQUITABLE RELIEF, AND ORDER**
**TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff Federal Trade Commission ("Commission" or "FTC"), having filed its

Complaint for Injunctive and Other Equitable Relief in this matter, pursuant to Sections 13(b)

and 19 the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and

Section 7(a) of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of

2003 ("CAN-SPAM" or "the CAN-SPAM Act"), 15 U.S.C. § 7706(a), and having moved *ex*

*parte* for a Temporary Restraining Order, Other Equitable Relief, and Order To Show Cause

Why a Preliminary Injunction Should Not Issue pursuant to Rule 65 of the Federal Rules of Civil

Procedure, and the Court having considered the Complaint, declarations, exhibits, and

memorandum of law filed in support thereof, and now being advised in the premises, finds that:

      1.      This Court has jurisdiction over the subject matter of this case, and there is good

cause to believe that it has jurisdiction over the parties;

      2.      Venue properly lies with this Court;

      3.      There is good cause to believe that Defendants have engaged in and are likely to

continue to engage in acts and practices that violate Section 5 of the FTC Act, 15 U.S.C. § 45,

Sections 5(a) and (d) of CAN-SPAM, 15 U.S.C. § 7704(a), (d), and the FTC's Adult Labeling

Rule, 16 C.F.R. Part 316.4, and that the Commission is therefore likely to prevail on the merits of

this action;

      4.      There is good cause to believe that immediate and irreparable damage to the

Court's ability to grant effective final relief for consumers in the form of monetary redress or

disgorgement will occur from the sale, transfer, or other disposition or concealment by

Defendants of their assets or records unless Defendants are immediately restrained and enjoined

by Order of this Court. The evidence set forth in Plaintiff's Memorandum in Support of its

Motion for Temporary Restraining Order, Order to Show Cause and Other Equitable Relief, and

in the accompanying declarations and exhibits, demonstrates that Defendants have engaged in a

concerted course of illegal activity by sending commercial email messages in violation of Section

5 of the FTC Act, 15 U.S.C. 45, and Section 5 of the CAN-SPAM Act, 15 U.S.C. § 7704 *et seq.*

Defendants' practices have regularly involved the concealment of their identities to avoid

detection. Defendants have retained ill-gotten gains derived from these and other practices. There is good cause to believe that unless they are restrained from doing so by Order of this Court, Defendants will continue with these illegal actions, and they will attempt to conceal the scope of their illegal actions through the destruction of evidence and secreting of assets. There is thus good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of Plaintiff's motion;

   5.  Weighing the equities and considering the Plaintiff's likelihood of success, this Order is in the public interest; and

   6.  No security is required of any agency of the United States for the issuance of a temporary restraining order. *See* Fed. R. Civ. P. 65(c).

## DEFINITIONS

1.  "**Affirmative Consent**" with respect to a commercial email message, means that "the recipient expressly consented to receive the message, either in response to a clear and conspicuous request for such consent or at the recipient's own initiative;" and "if the message is from a party other than the party to which the recipient communicated such consent, the recipient was given clear and conspicuous notice at the time the consent was communicated that the recipient's electronic mail address could be transferred to such other party for the purposes of initiating commercial electronic mail messages." 15 U.S.C. § 7702(1).

2.  "**Asset**" or "**Assets**" mean any legal or equitable interest in, right to, or claim to, any real and personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries,

3

shares of stock, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash, wherever located.

3. **"Clear and conspicuous"** or **"clearly and conspicuously"** with regard to the display of a notice means that the information shall be presented in writing, in a type size, color, and location sufficient for an ordinary consumer to read and comprehend it, and shall be disclosed in a manner that would be easily recognizable and understandable in language and syntax to an ordinary consumer. If the information is contained in a multi-page print document, the disclosure shall appear on the first page.

4. **"Commercial electronic mail message"** (or **"commercial email"**) "means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose)." 15 U.S.C. § 7702(2) (A).

5. **"Defendants"** means Cleverlink Trading Limited; Real World Media, LLC; Brian D. Muir; Jesse Goldberg; and Caleb Wolf Wickman, or each of them.

6. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. **"Electronic mail address"** "means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local

4

part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an electronic mail message can be sent or delivered." 15 U.S.C. § 7702(5).

8.     **"Header information"** "means the source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message." 15 U.S.C. § 7702(8).

9.     **"Initiate,"** "when used with respect to a commercial email message, means to originate or transmit such message or to procure the origination or transmission of such message." 15 U.S.C. § 7702(9).

10.    **"Procure,"** when used with respect to the initiation of a commercial email message, means "intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf." 15 U.S.C. § 7702(12).

11.    **"Protected computer"** means a computer which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States. 15 U.S.C. § 7702(13); 18 U.S.C. § 1030(e)(2)(B).

12.    **"Sender"** means a person who initiates a commercial electronic mail message and whose product, service, or Internet Web site is advertised or promoted by the message. 15 U.S.C. § 7702(16).

13.    **"Sexually oriented material"** means any material that depicts sexually-explicit conduct as that term is defined in 18 U.S.C. § 2256, unless the depiction constitutes a small and

5

insignificant part of the whole, the remainder of which is not primarily devoted to sexual matters.

15 U.S.C. § 7704(d)(4). Sexually-explicit conduct is defined by 18 U.S.C. § 2256 to mean actual

or simulated:

> a.      sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> b.      bestiality;
>
> c.      masturbation;
>
> d.      sadistic or masochistic abuse; or
>
> e.      lascivious exhibition of the genitals or pubic area of any person.

## I.

## PROHIBITIONS AGAINST MISREPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants,

employees and attorneys, and those persons in active concert or participation with them who

receive actual notice of this Order by personal service or otherwise, are temporarily restrained

and enjoined from initiating the transmission of commercial email that:

> A.      Contains, or is accompanied by, materially false or materially misleading header information, including but not limited to:
>
>> 1.      an originating electronic mail address, domain name, or Internet Protocol address when the access to such originating electronic mail address, domain name or Internet Protocol address was obtained by means of false or fraudulent pretenses or representations; or

2.  a "from" line (the line identifying or purporting to identify the person

initiating the messages) that does not accurately identify any person who

initiated the message; and/or

B.  Contains a subject heading likely to mislead recipients, acting reasonably under

the circumstances, about material facts regarding the contents or subject matter of

the message.

## II.

## PROHIBITIONS AGAINST OPT-OUT AND POSTAL ADDRESS VIOLATIONS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, and attorneys, and those persons in active concert or participation with them who

receive actual notice of this Order by personal service or otherwise, are temporarily restrained

and enjoined from initiating the transmission of a commercial email that:

A.  Does not include a clear and conspicuous notice of the recipient's opportunity to

decline to receive further commercial electronic mail messages from the sender at

the recipient's electronic mail address and describes the means by which the

recipient can decline to receive future commercial email messages from the

sender;

B.  Does not include a functioning return electronic mail address or other Internet-

based mechanism, clearly and conspicuously displayed, that a recipient can use to

submit a reply electronic mail message or other form of Internet-based

communication requesting not to receive future commercial electronic mail

messages from the sender at the electronic mail address where the message was

7

received, and that remains capable of receiving such messages or communications

for no less than 30 days after the transmission of the original message;

C.     Does not include the sender's valid physical postal address; and/or

D.     Is sent to a recipient's email address, more than 10 business days after the sender

receives a request from that email recipient not to receive future commercial

electronic mail messages from the sender at the recipient's electronic mail

address.

## III.

## PROHIBITIONS AGAINST FAILING TO IDENTIFY AN EMAIL MESSAGE AS AN ADVERTISEMENT OR SOLICITATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, and attorneys, and those persons in active concert or participation with them who

receive actual notice of this Order by personal service or otherwise, are temporarily restrained

and enjoined from initiating the transmission of a commercial email that fails to provide clear

and conspicuous identification that the message is an advertisement or solicitation.

**PROVIDED, HOWEVER,** that the requirements of this Section do not apply to

commercial email messages transmitted only to recipients for whom Defendants have

Affirmative Consent from such recipients.

## IV.

## PROHIBITION AGAINST VIOLATING THE ADULT LABELING RULE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, and attorneys, and those persons in active concert or participation with them who

8

receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from initiating the transmission of a commercial email that includes sexually oriented material:

A. That does not contain the phrase "SEXUALLY-EXPLICIT: " as the first nineteen (19) characters at the beginning of the subject line of the message;

B. That includes sexually oriented materials within the subject line of the message;

C. That includes sexually oriented materials within the content of the message that is initially viewable by the recipient, when the message is opened by the recipient and absent any further action by the recipient; and

D. That does not contain only the following information within the content of the message that is initially viewable by the recipient, when the message is opened by the recipient and absent any further action by the recipient:

1. the phrase "SEXUALLY-EXPLICIT: " in a clear and conspicuous manner;

2. clear and conspicuous notice that the message is an advertisement or solicitation;

3. clear and conspicuous notice of the opportunity of the recipient to decline to receive further commercial email messages from the defendants;

4. a functioning return email address or other Internet-based mechanism, clearly and conspicuously displayed, that (i) a recipient may use to submit, in a manner specified in the message, a reply email message or other form of Internet-based communication requesting not to receive future commercial email messages from that sender at the email address where

9

the message was received; and (ii) that remains capable of receiving such

messages or communications for no less than 30 days after the

transmission of the original message; and

5.      clear and conspicuous display of a valid physical postal address of a

defendant who initiated the message.

**Provided, however**, that the requirements of this Section do not apply to commercial

electronic mail messages transmitted only to persons who have given prior affirmative consent to

receipt of the message.  The applicability of this Section to persons who have given prior

affirmative consent does not obviate the requirement to include the information specified in

Sections II and III of this Order.

**V.**

## INJUNCTION AGAINST NEW ACCOUNT REGISTRATIONS WITHOUT REPORTING

**IT IS FURTHER ORDERED** that in connection with the promotion, advertising,

marketing, sale, or offering for sale of any product or service, Defendants and their officers,

agents, servants, employees, and attorneys, and those persons in active concert or participation

with them who receive actual notice of this Order by personal service or otherwise, are

temporarily restrained and enjoined from registering or creating any new domain names, Web

sites, Web pages, or email accounts, Internet service accounts, or online payment service

accounts, without notifying counsel for the Commission within 24 hours of such registrations.

The notice shall include:

A.     The true identity of the registrant, account holder, or user, including the complete and accurate physical mailing address, email address, and telephone number;

B.     The means and source of payment for the registration, including the credit card number or bank account number used;

C.     The name and address of the person or entity to whom such registration was submitted;

D.     The date and time the registration was created; and

E.     The purpose of the domain names, Web sites, Web pages, or email accounts, Internet service accounts, or online payment service accounts registered.

## VI.

## INJUNCTION AGAINST USING ANY PERSONS OR ENTITIES TO SEND COMMERCIAL EMAIL WITHOUT REPORTING

**IT IS FURTHER ORDERED** that in connection with the promotion, advertising, marketing, sale, or offering for sale of any product or service, Defendants are temporarily restrained and enjoined from using any affiliates, sub-affiliates, agents, mailers, vendors, employees, contractors, or other persons or entities to send commercial email on their behalf without notifying counsel for the Commission prior to the initiation of any commercial email message by such persons or entities. The notice shall include:

A.     The identity of the affiliate, sub-affiliate, agent, mailer, vendor, employee, contractor, or other person or entity including the name of an individual, the complete and accurate physical mailing address, a working email address, a

11

working telephone number, and any identification codes associated with or used by such person or entity;

B     The amount of payment and information necessary to process such payment for the affiliate, sub-affiliate, agent, mailer, vendor, employee, contractor, or other person or entity, including the account name and number used;

C.     A copy of the body and subject line of each unique commercial email being sent by the affiliate, sub-affiliate, agent, mailer, vendor, employee, contractor, or other person or entity;

D.     A list of each of the email addresses from which the affiliate, sub-affiliate, agent, mailer, vendor, employee, contractor, or other person or entity will send the commercial email message;

E.     A list of the Web site addresses and/or domain names promoted in the commercial email message;

F.     A description of the procedures Defendants have to ensure that:

     1.     Such person or entity does not send commercial email messages to recipients who have previously requested not to receive commercial email messages from Defendants; and

     2.     Defendants will receive all requests received by such persons or entities from email recipients who request not to receive commercial email messages from Defendants; and

G.     A certification that such person or entity has agreed, in writing, to comply with this Order and the provisions of the CAN-SPAM Act.

# VII.

## ASSET PRESERVATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from:

A.  Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any assets wherever located, inside or outside the United States of America, that are owned, controlled or held by, or for the benefit of, in whole or in part, any Defendant; or in the actual or constructive possession of any Defendant, including, but not limited to,

  1.  account no. 037-6366787 in the name of Real World Media, LLC held at Wells Fargo Bank, N.A.;

  2.  account no. 178 3311 9413 in the name of Cleverlink Trading Limited, at Laiki Bank LTD, International Business Centre, 50 Kennedy Ave., 1st Floor 1075, Nicosia, Cyprus;

  3.  account no. 0155-41-249572-06 in the name of Cleverlink Trading Limited, held at the Bank of Cyprus, LTD, 28 Micalskopoulou St., 1075 Ayii Omologitae, Nicosia, Cyprus;

  4.  account no. 221027261 in the name of Brian Muir d/b/a Muir Internet Productions, held at Wells Fargo Bank, N.A;

13

5.     accounts held in the name of any Defendant at Paypal;

6.     accounts held in the name of any Defendant at Paycom Billing Services, Inc. d/b/a Paycom.net;

7.     accounts held in the name of any Defendant at Electracash, Inc.; and/or

8.     any assets held in any account at any bank or savings and loan institution, or any credit card processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, online payment service, IRA custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section; and

C.     Incurring liens or other encumbrances on real property, personal property or other assets in the name, singly or jointly, of any Defendant.

D.     Transferring any funds or other assets subject to this Order for attorney's fees or living expenses; **provided however that,** notwithstanding the above, any Defendant may pay, from funds subject to this Order, reasonable, usual, ordinary, and necessary living expenses and attorney's fees, not to exceed $1,000, prior to

14

the Show Cause Hearing set forth in Section XIX of this Order. No such expenses, however, shall be paid from funds subject to this Order except from cash on the person of any Defendant, or from an account designated by written notice to counsel for the Commission; **provided further that**, any Defendant may pay reasonable, usual, ordinary, and necessary living expenses, and reasonable attorney's fees, after written prior approval by the Commission or as otherwise authorized by the Court.

## VIII.

## FINANCIAL REPORTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Defendant, at least three (3) calendar days prior to the Show Cause Hearing set forth in Section XIX of this Order, and in no event later than ten (10) calendar days after entry of this Order, shall prepare and deliver to counsel for the Commission:

A.     Completed financial statements on the forms attached to this Order as **Attachments A and B**, for themselves individually and for each business entity under which they conduct business, or of which they are an officer, and for each trust of which they are a trustee. The financial statements shall be accurate as of the date of their completion; and

B.     A complete accounting of all gross and net profits obtained from, derived from, or related in any way to products, services, Web page memberships, or any other commercial venture promoted in any way through commercial electronic mail messages from January 1, 2004, to the submission of the accounting.

15

## IX.

## <u>IDENTIFICATION OF MARKETERS</u>

**IT IS FURTHER ORDERED** that Defendants, at least three (3) calendar days prior to the Show Cause Hearing set forth in Section XIX of this Order, and in no event later than ten (10) calendar days after entry of this Order, shall prepare and deliver to counsel for the Commission a completed statement identifying all affiliates, sub-affiliates, agents, mailers, vendors, employees, contractors, or other persons or entities that have sent commercial email on Defendants' behalf since January 1, 2004, on the form attached to this Order as **Attachment C**. The statement shall be accurate as of the date of its completion.

## X.

## <u>REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS</u>

**IT IS FURTHER ORDERED** that within five (5) days following service of this Order, each Defendant shall:

A.     Repatriate to the United States all assets and all documents located in foreign countries held, directly or indirectly:

    1.     by any Defendant;

    2.     for any Defendant's benefit; or

    3.     under any Defendant's direct or indirect ownership or control;

B.     On the same business day as any repatriation under Paragraph A above, notify the Commission of the name and location of the financial institution or other entity that is the recipient of such assets or documents and the corresponding account names or numbers;

C.      Provide the Commission with a full accounting of all assets and documents

outside of the territory of the United States held, directly or indirectly:

1.      by any Defendant;

2.      for any Defendant's benefit; or

3.      under any Defendant's direct or indirect ownership or control; and

D.      Hold and retain all repatriated assets and documents and prevent any transfer,

disposition, or dissipation whatsoever of any such assets.

**Provided, however,** Defendants may transfer any repatriated documents to the

Commission as required by this Order.

**Provided further,** that each Defendant shall provided the Commission access to

Defendants' records and documents held by financial institutions or other institutions outside the

territorial United States, by signing the Consent to Release of Financial Records attached to this

Order as **Attachment D**.

## XI.

## INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and

enjoined from taking any action, directly or indirectly, which may result in the transfer,

encumbrance, or dissipation of foreign assets, or in the hindrance of the repatriation required by

Section X of this Order, including but not limited to:

A.      Sending any statement, letter, fax, email or wire transmission, telephoning or

engaging in any other act, directly or indirectly, that results in a determination by a

foreign trustee or other entity that a "duress" event has occurred under the terms of a

17

foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section X of this Order; and

B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all assets have been fully repatriated pursuant to Section X of this Order.

## XII.

## PRESERVATION AND MAINTENANCE OF RECORDS AND NOTICE OF NEW VENTURES

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, mutilating, falsifying, concealing, writing over, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents or records, including but not limited to, any and all computerized files, storage media (including but not limited to floppy disks, hard drives, CD-Roms, Zip disks, punch cards, magnetic tape, backup tapes, and computer chips) on which information has been saved (including any and all equipment needed to read any such material), contracts, accounting data, registrations, correspondence, advertisements (including, but not limited to, advertisements placed on the World Wide Web or the Internet or sent via email), FTP logs, Service Access Logs,

USENET Newsgroups postings, World Wide Web pages, email messages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices, or business or personal finances, of any Defendant;

B.   Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

C.   Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Commission with a written statement disclosing:

1.   the name of the business entity;

2.   the address, telephone number, email address, and Web site address of the business entity;

3.   the names of the business entity's officers, directors, principals, managers, and employees;

4.    the names and addresses of any persons or entities providing online marketing, advertising, or mailing services for the business entity; and

5.   a detailed description of the business entity's intended activities.

19

## XIII.

### DUTIES OF PERSONS OR ENTITIES HOLDING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request

for a preliminary injunction, any financial or brokerage institution, escrow agent, title company,

commodity trading company, entity, trust, or person that holds, controls or maintains accounts or

assets of, or on behalf of, any Defendant, or has held, controlled or maintained any account or

asset of, or on behalf of, any Defendant at any time since January 1, 2004, that has been served

with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal,

assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion,

sale, or other disposal of any such asset except by further Order of the Court;

B. Deny Defendants access to any safe deposit box that is:

1. titled in any Defendant's name, individually or jointly; or

2. otherwise subject to access by any Defendant; and

C. Provide the Commission, within five (5) days of receiving a copy of this Order, a

sworn statement setting forth:

1. the identification number of each such account or asset titled in the

name, individually or jointly, of any Defendant, or held on behalf

of, or for the benefit of the Defendant;

2. the balance of each such account, or a description of the nature and value

of such asset as of the close of business on the day on which this Order

was received, and, if the account or other asset has been closed or

removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3.  the identification of any safe deposit box that is titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.  Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## XIV.

## <u>DISTRIBUTION OF ORDER BY DEFENDANTS</u>

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, spouse, and representative of Defendants, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of the Order.

21

## XV.

### SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XVI.

### CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the Commission.

## XVII.

### EXPEDITED ASSET DISCOVERY

**IT IS FURTHER ORDERED** that the parties are granted leave at any time after service of this Order and pursuant to Federal Rules of Civil Procedure 30(a), 34 & 45 to: (1) take the deposition of any person or entity for the purpose of discovering the nature, status, extent, location or other relevant information relating to Defendants' assets and the nature and location of documents reflecting the business transactions of Defendants; and (2) demand the production of documents from any person or entity relating to the nature, status, extent, and location or other relevant information relating to Defendants' assets and the location of documents reflecting the business transactions of Defendants. Seventy-two (72) hours notice shall be deemed sufficient

22

for any such deposition and production of documents from Defendants and any other person or entity, including but not limited to financial institutions, accountants, stock brokers, and financial planners.

The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure, including those set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A) or the Local Rules. Additionally, the production of documents submitted pursuant to this provision shall not in any way waive the Commission's rights to seek the production of additional documents.

### XVIII.

### DURATION OF TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on _May 31st_, 2005 at 11:59 p.m., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed ten (10) days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

### XIX.

### ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that each Defendant shall appear before this Court on the _25th_ day of _May_, 2005, at _2:00_ o'clock _p_.m., at the Dirksen Federal Courthouse, 219 S. Dearborn St., Chicago, Illnois, Courtroom _1241_, to show cause, if there is any, why this Court should not enter a

23

Preliminary Injunction, pending final ruling on the complaint against Defendants, enjoining them from further violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and Section 5 of the CAN-SPAM Act, 15 U.S.C. § 7704, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

**Provided that,** Defendants must file with the Clerk's Office and deliver to the counsel for the Commission any brief responding to the order to show cause why a preliminary injunction should not be entered no later than forty-eight (48) hours before the time scheduled for the hearing. An evidentiary hearing on the Commission's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue. *See, e.g., In re Aimster,* 334 F.3d 643, 653-54 (7th Cir. 2003); *Promatek Indus., Ltd. v. Equitrac Corp.,* 300 F.3d 808, 814 (7th Cir. 2002).

**Provided further that,** if any party to this action intends to present the testimony of any witness at the hearing on a Preliminary Injunction in this matter, that party shall, at least 24 hours prior to the scheduled date and time of hearing, file with this Court and serve on all other parties a statement disclosing the name, address, and telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit revealing the substance of such witness' expected testimony.

## XX.

## SERVICE UPON THE COMMISSION

**IT IS FURTHER ORDERED,** with regard to any correspondence or pleadings related to this Order that service on Plaintiffs shall be performed by overnight mail delivery or facsimile to the attention of:

Steven M. Wernikoff
Jason K. Bowler
Federal Trade Commission
55 E. Monroe St., #1860
Chicago, IL 60603
facsimile transmission to (312) 960-5600

## XXI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.

**SO ORDERED,** this 16 day of _May_____, 2005, at 3:10 a.m.

_____
United States District Judge

25

# Attachment   A

# ATTACHMENT A TO TEMPORARY RESTRAINING ORDER

### FEDERAL TRADE COMMISSION
### FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why. "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly. Attach continuation pages as needed. Initial each page in the space provided in the lower right corner. Sign and date the completed financial statement on the last page.

## BACKGROUND INFORMATION

**Item 1.**      **Information About You**

Your Full Name _____ Social Security # _____

Current Address _____ From (Date) _____

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used_____ Marital status_____

**Item 2.**      **Information About Spouse, Dependents**

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

▸Name _____ Date of Birth _____

Relationship _____ Social Security No. _____

**Item 3.**      **Employment Information**

Provide the following information for this year-to-date and for each of the previous three full years, for each company of which you were a director, officer, employee, agent, or consultant at any time during that period.

▸Company Name & Address _____

Position Held and Dates Employed: _____

▸Company Name & Address _____

Position Held and Dates Employed: _____

▸Company Name & Address _____

Position Held and Dates Employed: _____

## FINANCIAL INFORMATION: ASSETS AND LIABILITIES

**REMINDER: "Assets" and "Liabilities" include <u>ALL</u> assets and liabilities, located within the United States or elsewhere, whether held individually or jointly.**

**Item 4.**      **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**Item 5.**        **Cash, Bank Accounts, Money Market Accounts, Certificates of Deposit**

List cash and all bank accounts, money market accounts, certificates of deposit, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents. The term "cash" includes currency and uncashed checks.

Cash on Hand  $_____$        Cash Held For Your Benefit  $_____$

| Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Item 6.**        **Publicly Traded  and Government Securities**

List all securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.  In the alternative, attach the most recent brokerage statement for each account.

| Name of Security | # of units owned | Owner of security | Location of Security | Current Value |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Item 7.**     **Other Business Interests**

List all other business interests, including but not limited to, non-public corporations, general or limited partnership interests, sole proprietorships, and oil and mineral leases, in which you, your spouse, or your dependents, are an officer, director, or have an ownership interest.

►Business Format _____  Business' Name & Address _____

_____Ownership % _____  Officer/Director_____

Owner (e.g., self, spouse) _____  Current Fair Market Value $_____

►Business Format _____  Business' Name & Address _____

_____Ownership % _____  Officer/Director_____

Owner (e.g., self, spouse) _____  Current Fair Market Value $_____

**Item 8.**     **Amounts Owed to You, Your Spouse, or Your Dependents**

List all amounts owed to you, your spouse, or your dependents.

Debtor's Name, Address, & Telephone No. _____

Original Amount Owed $_____  Current Amount Owed $_____  Monthly Payment $_____

**Item 9.**     **Personal Property**

List all personal property, by category, whether held for personal use or for investment, including but not limited to, furniture and household goods of value, computer equipment, electronics, coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property, held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

| Property Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

## Item 10. Cars, Trucks, Motorcycles, Boats, Airplanes, and Other Vehicles

List all cars, trucks, motorcycles, boats, airplanes, and other vehicles owned or operated by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Vehicle Type _____ Make _____ Model _____ Year _____
Registered Owner's Name _____ Registration State & No. _____
Current Value $_____ Current Loan Balance $_____ Monthly Payment $_____

▸Vehicle Type _____ Make _____ Model _____ Year _____
Registered Owner's Name _____ Registration State & No. _____
Current Value $_____ Current Loan Balance $_____ Monthly Payment $_____

▸Vehicle Type _____ Make _____ Model _____ Year _____
Registered Owner's Name _____ Registration State & No. _____
Current Value $_____ Current Loan Balance $_____ Monthly Payment $_____

## Item 11. Real Property

List all real estate held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

▸Type of Property_____ Property's Location_____
Name(s) on Title and Ownership Percentages_____
Current Value $_____ Balance On First Mortgage $_____ Monthly Payment $_____ $
Other Loan(s) (describe)_____ Current Balance $_____
Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

▸Type of Property_____ Property's Location_____
Name(s) on Title and Ownership Percentages_____
Current Value $_____ Balance On First Mortgage $_____ Monthly Payment $_____ $
Other Loan(s) (describe)_____ Current Balance $_____
Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

## Item 12. Credit Cards

List each credit card held by you, your spouse, or your dependents. Also list any other credit cards that you, your spouse, or your dependents use.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

Initials _____

<u>**Item 13.**</u>        **Loans and Liabilities**
List all loans or liabilities in your, your spouse's, or your dependents' names.

▸Name & Address of Lender/Creditor _____
Nature of Liability_____ Name(s) on Liability_____
Date of Liability_____ Amount Borrowed $_____ Current Balance $_____
Payment Amount $_____ Frequency of Payment_____

▸Name & Address of Lender/Creditor _____
Nature of Liability_____ Name(s) on Liability_____
Date of Liability_____ Amount Borrowed $_____ Current Balance $_____
Payment Amount $_____ Frequency of Payment_____


### OTHER FINANCIAL INFORMATION

<u>**Item 14.**</u>        **Tax Returns**
List all federal tax returns that were filed during the last three years by or on behalf of you. *Provide a copy of each signed tax return that was filed during the last three years.*

| <u>Tax Year</u> | <u>Refund Expected</u> |
|---|---|
| _____ | $_____ |
| _____ | _____ |
| _____ | _____ |

<u>**Item 15.**</u>        **Transfers of Assets**
List each person to whom you have transferred, in the aggregate, more than $5000 in funds or other assets during the previous three years by loan, gift, sale, or other transfer. For each such person, state the total amount transferred during that period.

| <u>Transferee's Name, Address, & Relationship</u> | <u>Property Transferred</u> | <u>Aggregate Value</u> | <u>Transfer Date</u> | <u>Type of Transfer</u> <br> <u>(*e.g.*, Loan, Gift)</u> |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

## SUMMARY FINANCIAL SCHEDULES

**Item 16.**  **Combined Balance Sheet for You, Your Spouse, and Your Dependents. "You" includes yourself, your spouse, and your dependents.**

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Cash on Hand | $_____ | Credit Cards Balances | $_____ |
| Cash in Financial Institutions | $_____ | Motor Vehicles, Boats, Airplanes - Liens | $_____ |
| Securities | $_____ | Real Property - Mortgages | $_____ |
| Other Business Interests | $_____ | Loans Against Securities | $_____ |
| Amounts Owed to You | $_____ | Taxes Owed by You | $_____ |
| Personal Property You Own | $_____ | Other Loans and Liabilities (Itemize) | $_____ |
| Value of Vehicles, Boats, Airplanes You Own | $_____ | | |
| Value of Real Property You Own | $_____ | _____ | $_____ |
| Other Assets You Own (Itemize) | $_____ | _____ | $_____ |
| | $_____ | _____ | $_____ |
| | $_____ | _____ | $_____ |
| Total Assets | $_____ | Total Liabilities | $_____ |

Initials _____

**Item 17.**     **Combined Average MONTHLY Income and Expenses for You, Your Spouse, and Your Dependents for the Last 6 Months**

Provide the average monthly income and expenses for you, your spouse, and your dependents for the last 6 months. Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

<table>
<tr><td colspan="2" align="center">INCOME</td><td colspan="2" align="center">EXPENSES</td></tr>
<tr><td>Salary - After Taxes</td><td>$_____</td><td>Mortgage Payments for Residence(s)</td><td>$_____</td></tr>
<tr><td>Fees, Commissions, and Royalties</td><td>$_____</td><td>Property Taxes for Residence(s)</td><td>$_____</td></tr>
<tr><td>Interest</td><td>$_____</td><td>Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance</td><td>$_____</td></tr>
<tr><td>Dividends and Capital Gains</td><td>$_____</td><td>Car or Other Vehicle Lease or Loan Payments</td><td>$_____</td></tr>
<tr><td>Gross Rental Income</td><td>$_____</td><td>Food Expenses</td><td>$_____</td></tr>
<tr><td>Profits from Sole Proprietorships</td><td>$_____</td><td>Clothing Expenses</td><td>$_____</td></tr>
<tr><td>Distributions from Partnerships, S-Corporations, and LLCs</td><td>$_____</td><td>Utilities</td><td>$_____</td></tr>
<tr><td>Distributions from Trusts and Estates</td><td>$_____</td><td>Medical Expenses, Including Insurance</td><td>$_____</td></tr>
<tr><td>Social Security Payments</td><td>$_____</td><td>Other Insurance Premiums</td><td>$_____</td></tr>
<tr><td>Alimony/Child Support Received</td><td>$_____</td><td>Other Transportation Expenses</td><td>$_____</td></tr>
<tr><td>Other Income (Itemize)</td><td>$_____</td><td>Other Household Expenses</td><td>$_____</td></tr>
</table>

Other Expenses (Itemize)

<table>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>_____</td><td>$_____</td><td>_____</td><td>$_____</td></tr>
<tr><td>Total Income</td><td>$_____</td><td>Total Expenses</td><td>$_____</td></tr>
</table>

Initials _____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621. and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____        _____

(Date)                                  Signature

# Attachment   B

# ATTACHMENT B TO TEMPORARY RESTRAINING ORDER

### FEDERAL TRADE COMMISSION
### FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.  Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why. In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action. When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

2.  An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

### BACKGROUND INFORMATION

<u>**Item 1.**</u>        **General Information**
Corporation's Full Name _____
Primary Business Address _____ From (Date) _____

Provide all other current addresses, & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____
Address_____ From/Until_____
Address_____ From/Until_____

List all predecessor companies for past five years:

Name & Address _____ From/Until _____
Name & Address _____ From/Until _____
Name & Address _____ From/Until _____

<u>**Item 2.**</u>        **Legal Information**
Federal Taxpayer ID No. _____State Tax ID No. _____

<u>**Item 3.**</u>        **Principal Stockholders**
List all persons and entities that own at least 5% of the corporation's stock.

| <u>Name & Address</u> | <u>% Owned</u> |
|---|---|
| | |
| | |
| | |

Initials _____

**Item 4.**      **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

**Item 5.**      **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |

**Item 6.**      **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders and officers (i.e., the individuals listed above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |

**Item 7.**      **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders and officers (i.e., the individuals listed above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |

**Item 8.**      **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials _____

**Item 9.**      **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|---|---|
| | |
| | |
| | |
| | |

**Item 10.**      **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**Item 11.**      **All litigation involving the Corporation**

List all pending lawsuits in which the corporation is involved in court or before an administrative agency.

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

Status_____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

Status_____

## FINANCIAL INFORMATION

**Item 12.**      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

Initials _____

**Item 13.**      **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |

**Item 14.**      **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**Item 15.**      **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 14 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

**Item 16.**      **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 17.**     **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


**Item 18.**     **Other Assets**

List all other property, by category, with an estimated value of $5000 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 19.**     **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 20.**        **Monetary Judgments and Settlements Owed By and To the Corporation**
List all monetary judgments and settlements, recorded and unrecorded, owed by and to the corporation.

Opposing Party's Name & Address_____
Court's Name & Address_____ Docket No._____
Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____
Court's Name & Address_____ Docket No._____
Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 21.**        **Government Orders and Settlements**
List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____
Address _____ Telephone No. _____
Agreement Date _____ Nature of Agreement _____

Name of Agency _____ Contact Person _____
Address _____ Telephone No. _____
Agreement Date _____ Nature of Agreement _____

**Item 22.**        **Credit Cards**
List all of the corporation's credit cards and retail charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
|---|---|
| | |
| | |
| | |
| | |
| | |

**Item 23.**        **Compensation of Employees**
List all compensation and other benefits paid by the corporation to the five most highly compensated employees,
independent contractors, and consultants, for the two previous fiscal years and current fiscal year-to-date.
"Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions,
royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent,
car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

Initials _____

**Item 24.**     **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by Board Members and Officers for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

**Item 25.**     **Transfers of Assets Including Cash and Property**

List all transfers of assets over $5,000 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |

   I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____

(Date)                                           Signature


                                                  _____

                                                  Corporate Position

# Attachment   C

# ATTACHMENT C TO TEMPORARY RESTRAINING ORDER

Identification and Compensation of Marketers by Defendant _____

| | *Person or Entity #1* | *Person or Entity #2* |
|---|---|---|
| **Full name, physical address, and telephone number or other contact number** | | |
| **Email address** | | |
| **Identification number or code** | | |
| **Total Value of Compensation Paid Since January 1, 2004** | | |
| **Means of Payment, including account number and name in which the funds were deposited, and the financial institution or entity receiving the funds** | | |
| **Dates of Affiliation** | | |
| **If Terminated, Reason for Termination** | | |

\*\* *Continue on additional pages as necessary for all Marketers.*

Page ___ of ___          Initials ___

Page ____ of ____

**Identification and Compensation of Marketers by Defendant** ____

    I am submitting this statement of Identification of Compensation of Marketers with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**Executed on:**

_____

**(Date)**

_____

**Signature**

_____

**Corporate Position**

# Attachment  D

## ATTACHMENT D TO TEMPORARY RESTRAINING ORDER

**Consent to Release of Financial Records**

I, _____, of the State of _____ in the United States of America, do hereby direct any bank or trust company at which I have a bank account of any kind or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said bank accounts to any attorney of the Federal Trade Commission, and to give evidence relevant thereto, in the matter of the *Federal Trade Commission v. Cleverlink Trading Limited, et al.*, now pending in the United States District Court for the Northern District of Illinois, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

This consent form is being executed pursuant to court order.

Dated: _____, 2005

Signature: _____

Printed full name: _____