UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 2 7 2005
JUL 27 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Case No. 05C 2889 |
| ) | |
| v. ) | Judge Amy J. St. Eve |
| ) | Magistrate Judge Jeffrey Cole |
| CLEVERLINK TRADING LIMITED, et al., ) | |
| ) | |
| Defendants ) | |

### DEFENDANTS' ANSWER TO FTC FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Defendants, Cleverlink Trading Limited ("Cleverlink"), Real World Media, LLC ("RWM"), Crazy Protocol Communications, Inc. ("CP"), Brian D. Muir ("Muir"), Jesse Goldberg ("Goldberg") and Caleb Wolf Wickman ("Wickman") (collectively, the "Defendants") by their undersigned counsel, as and for their Answer to the Federal Trade Commission ("FTC") or "Plaintiff") First Amended Complaint for Injunctive and other Equitable Relief (the "Amended Complaint"), deny each and every allegation not specifically addressed herein and admits, avers and deny as follows (the paragraph numbers below correspond to the paragraph numbers of the Amended Complaint):

1. The allegations contained in paragraph 1 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

{00072226;1}

## JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

3. The allegations contained in paragraph 3 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## PLAINTIFF

4. The allegations contained in paragraph 4 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

5. The allegations contained in paragraph 5 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## DEFENDANTS

6. Deny the allegations contained in paragraph 6 of the Amended Complaint other than to admit that Defendant Cleverlink has transacted business in the Northern District of Illinois and elsewhere IN the United States and admit that Cleverlink is a corporation formed under the laws of Cyprus.

7. Deny the allegations contained in paragraph 7 of the Amended Complaint other than to admit that Defendant RWM has transacted business in the Northern District of Illinois and elsewhere in the United States and admit that RWM is a California Limited Liability Company with its registered office at 640 Bercut Dr., Suite A, Sacramento, CA 95814

8. Deny the allegations contained in paragraph 8 of the Amended Complaint other than to admit that Defendant CP has transacted business in the Northern District of Illinois and elsewhere in the United States.

9. Deny the allegations contained in paragraph 9 of the Amended Complaint other than to admit that Defendant Muir is a director and shareholder of Cleverlink and President of CP and admit that CP is a California corporation with its registered office at 12520 High Bluff Dr., Suite 260, San Diego, CA 92130.

10. Deny the allegations contained in paragraph 10 of the Amended Complaint other than to admit that Defendant Goldberg is a director and shareholder of Cleverlink and a manager or RWM.

11. Deny the allegations contained in paragraph 11 of the Amended Complaint other than to admit that Defendant Wickman is a director of Cleverlink and a manager or RWM.

12. Deny the allegations contained in paragraph 12.

## COMMERCE

13. The allegations contained in paragraph 13 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## DEFINITIONS

14. The allegations contained in paragraph 14 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

15. The allegations contained in paragraph 15 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

16. The allegations contained in paragraph 16 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

17. The allegations contained in paragraph 17 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

18. The allegations contained in paragraph 18 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

19. The allegations contained in paragraph 19 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

20. The allegations contained in paragraph 20 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

21. The allegations contained in paragraph 21 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

22. The allegations contained in paragraph 22 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

23. The allegations contained in paragraph 23 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

### DEFENDANTS' BUSINESS ACTIVITIES

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. The allegations contained in paragraph 27 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

28. The allegations contained in paragraph 28 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

### VIOLATIONS OF THE CAN-SPAM ACT.

34. The allegations contained in paragraph 34 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

35. The allegations contained in paragraph 35 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

36. The allegations contained in paragraph 36 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

37. The allegations contained in paragraph 37 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

38. The allegations contained in paragraph 38 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

39. The allegations contained in paragraph 39 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

40. The allegations contained in paragraph 40 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

41. The allegations contained in paragraph 41 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## COUNT I

42. Deny the allegations contained in paragraph 42.

43. Deny the allegations contained in paragraph 43.

## COUNT II

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

## COUNT III

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

## COUNT IV

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

## VIOLATIONS OF THE ADULT LABELING RULE AND CAN-SPAM IN THE TRANSMISSION OF EMAIL THAT CONTAINS SEXUALLY ORIENTED MATERIAL

50. The allegations contained in paragraph 50 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

51. The allegations contained in paragraph 51 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

{00072226;1}

52. The allegations contained in paragraph 52 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

53. The allegations contained in paragraph 53 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

54. The allegations contained in paragraph 54 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## COUNT V

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

## INDIVIDUAL AND BUSINESS INJURY

58. Deny the allegations contained in paragraph 58.

## THE COURT'S POWEER TO GRANT RELIEF

59. The allegations contained in paragraph 59 of the Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' actions were not the legal or proximate cause of the purported injuries of consumers.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled under any applicable federal law to the relief requested.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this action would violate the First Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

The allegations in the Amended Complaint, in whole or in part, are barred by the doctrines of accord and satisfaction and/or release in that any consumers demanding credits or refunds have already received same.

## SIXTH AFFIRMATIVE DEFENSE

Consumers have not suffered any damages due to Defendants' alleged actions in the Amended Complaint.

WHEREFORE, Defendants pray that the Court:

1. Dismiss the Amended Complaint with prejudice and enter judgment for Defendants;

2. Deny any injunctive or equitable relief sought by Plaintiff;

3. Award Defendants their reasonable attorney's fees, disbursements, and costs; and

4. Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: July 27, 2005

*Theodore F. Kommers*
Theodore F. Kommers (Bar #6211381)
Gould & Ratner
222 North LaSalle Street, Eighth Floor
Chicago, Illinois 60601
Tel: (312) 236-3003
Fax: (312) 236-3241
Local counsel for Defendants

*Sean A. Moynihan*
Sean A. Moynihan, Esq. (admitted pro hac vice)
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
(212) 753-8101 Fax
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, Jeanna Hajduk, a non-attorney, under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, hereby depose and state that I caused a true and correct copy of **DEFENDANTS, CLEVERLINK TRADING LIMITED, REAL WORLD MEDIA, LLC, BRIAN D. MUIR, JESSE GOLDBERG AND CALEB WOLF WICKMAN'S ANSWER TO COMPLAINT** to be served upon the listed counsel at the addresses listed below, by depositing same in the United States Mail repository located at 222 N. LaSalle Street, with proper First Class postage prepaid, on this 27th day of July, 2005, before the hour of 5:00 p.m.

Steven M. Wernikoff
Jason K. Bowler
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, Illinois 60603
312-960-5600 (fax)

*Jeanna Hajduk*
Jeanna Hajduk

/294426.v1 100800/001