UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CLEVERLINK TRADING LIMITED, et al., )<br>)<br>Defendants )<br>_____) | Case No. 05C 2889<br><br>Judge Amy J. St. Eve<br>Magistrate Judge Jeffrey Cole |

**DEFENDANTS' ANSWER TO FTC'S SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

Defendants, Cleverlink Trading Limited ("Cleverlink"), Real World Media, LLC ("RWM"), Crazy Protocol Communications, Inc. ("CP"), Brian D. Muir ("Muir"), Jesse Goldberg ("Goldberg") and Caleb Wolf Wickman ("Wickman") (collectively, the "Defendants") by their undersigned counsel, as and for their Answer to the Federal Trade Commission's ("FTC") or "Plaintiff") Second Amended Complaint for Injunctive and other Equitable Relief (the "Second Amended Complaint"), deny each and every allegation not specifically addressed herein and admit, aver and deny as follows (the paragraph numbers below correspond to the paragraph numbers of the Second Amended Complaint):

1. The allegations contained in paragraph 1 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

/314901.v 1

## JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

3. The allegations contained in paragraph 3 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## PLAINTIFF

4. The allegations contained in paragraph 4 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

5. The allegations contained in paragraph 5 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## DEFENDANTS

6. Deny the allegations contained in paragraph 6 of the Second Amended Complaint other than to admit that Defendant Cleverlink has transacted business in the Northern District of Illinois and elsewhere in the United States and admit that Cleverlink is a corporation formed under the laws of Cyprus.

7. Deny the allegations contained in paragraph 7 of the Second Amended Complaint other than to admit that Defendant RWM has transacted business in the Northern District of Illinois and elsewhere in the United States and admit that RWM is a

      California Limited Liability Company with its registered office at 640 Bercut Dr., Suite A, Sacramento, CA 95814

8. Deny the allegations contained in paragraph 8 of the Second Amended Complaint other than to admit that Defendant CP has transacted business in the Northern District of Illinois and elsewhere in the United States and that CP is a California corporation with its registered office at 12520 High Bluff Dr., Suite 260, San Diego, CA 92130.

9. Deny the allegations contained in paragraph 9 of the Second Amended Complaint other than to admit that Defendant Muir is a director and shareholder of Cleverlink and President of CP.

10. Deny the allegations contained in paragraph 10 of the Second Amended Complaint other than to admit that Defendant Goldberg is a director and shareholder of Cleverlink and a manager or RWM.

11. Deny the allegations contained in paragraph 11 of the Second Amended Complaint other than to admit that Defendant Wickman is a director of Cleverlink and a manager or RWM.

12. Deny the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Admit that Oceanic processed a portion of Defendants' transactions and that upon information and belief Oceanic is a New Jersey limited liability company with its registered office at 830 Bear Tavern Road, Trenton, NJ, and deny the remaining allegations contained in paragraph 13 of the Second Amended Complaint.

14. Admit that Sholes has no legitimate claim to any funds resulting from the processing of transactions by Oceanic on behalf of Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Second Amended Complaint.

## COMMERCE

15. The allegations contained in paragraph 15 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## DEFINITIONS

16. The allegations contained in paragraph 16 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

17. The allegations contained in paragraph 17 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

18. The allegations contained in paragraph 18 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

19. The allegations contained in paragraph 19 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

20. The allegations contained in paragraph 20 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

21. The allegations contained in paragraph 21 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

22. The allegations contained in paragraph 22 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

23. The allegations contained in paragraph 23 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

24. The allegations contained in paragraph 24 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

25. The allegations contained in paragraph 25 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

**DEFENDANTS' BUSINESS ACTIVITIES**

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

30. The allegations contained in paragraph 30 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

## **VIOLATIONS OF THE CAN-SPAM ACT**.

36. The allegations contained in paragraph 36 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

37. The allegations contained in paragraph 37 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

38. The allegations contained in paragraph 38 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

39. The allegations contained in paragraph 39 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

40. The allegations contained in paragraph 40 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

41. The allegations contained in paragraph 41 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

42. The allegations contained in paragraph 42 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

43. The allegations contained in paragraph 43 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## COUNT I

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

## COUNT II

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

## COUNT III

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

## COUNT IV

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

**VIOLATIONS OF THE ADULT LABELING RULE AND CAN-SPAM IN THE TRANSMISSION OF EMAIL THAT CONTAINS SEXUALLY ORIENTED MATERIAL**

52. The allegations contained in paragraph 52 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

53. The allegations contained in paragraph 53 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

54. The allegations contained in paragraph 54 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

55. The allegations contained in paragraph 55 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

56. The allegations contained in paragraph 56 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

## COUNT V

57. Deny the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

### DISGORGEMENT OF RELIEF DEFENDANTS' ILL-GOTTEN GAINS

### COUNT VI

60. Admit that the Relief Defendants processed transactions on behalf of Defendant Cleverlink and received the proceeds therefrom and that Relief Defendants have no legitimate claim to these proceeds, and deny the remaining allegations contained in paragraph 60 of the Second Amended Complaint.

61. The allegations contained in paragraph 61 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

### INDIVIDUAL AND BUSINESS INJURY

62. Deny the allegations contained in paragraph 62.

### THE COURT'S POWEER TO GRANT RELIEF

63. The allegations contained in paragraph 63 of the Second Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendants deny same.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' actions were not the legal or proximate cause of the purported injuries of consumers.

### THIRD AFFIRMATIVE DEFENSE

{00075916;1}

9

Plaintiff is not entitled under any applicable federal law to the relief requested.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this action would violate the First Amendment to the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

The allegations in the Second Amended Complaint, in whole or in part, are barred by the doctrines of accord and satisfaction and/or release in that any consumers demanding credits or refunds have already received same.

## SIXTH AFFIRMATIVE DEFENSE

Consumers have not suffered any damages due to Defendants' alleged actions in the Second Amended Complaint.

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss the Second Amended Complaint with prejudice and enter judgment for Defendants;

2. Deny any injunctive or equitable relief sought by Plaintiff;

3. Award Defendants their reasonable attorney's fees, disbursements, and costs; and

4. Grant Defendants such other and further relief as the Court may deem just and proper.

Dated: January 27, 2006

/s/ Theodore F. Kommers
Theodore F. Kommers (Bar #6211381)
Gould & Ratner
222 North LaSalle Street, Eighth Floor
Chicago, Illinois 60601
Tel: (312) 236-3003
Fax: (312) 236-3241
Local counsel for Defendants

Joel R. Dichter, Esq. (admitted pro hac vice)
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
(212) 753-8101 Fax
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

       I hereby certify that on January 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of Defendants' Answer to FTC's Second Amended Complaint to the following:

<u>Plaintiff</u>
Steven M. Wernikoff
Jason K. Bowler
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, Illinois 60603
(swernikoff@ftc.gov)
(jbowler@ftc.gov)

<u>Attorney for Defendant, Oceanic Telecommunications Services, LLC</u>
Matthew D. Tanner
Tanner & Lehman LLC
53 West Jackson Boulevard
Suite 400
Chicago, IL 60604
(mtanner@tannerlehman.com)

    /s/ Theodore F. Kommers_____

    Theodore F. Kommers (Bar #6211381)

    Local counsel for Defendants Cleverlink Trading Limited, Real World Media, LLC , Crazy Protocol Communications, Inc., Brian D. Muir , Jesse Goldberg and Caleb Wolf Wickman
    Gould & Ratner
    222 North LaSalle Street, Eighth Floor
    Chicago, Illinois 60601
    Tel: (312) 236-3003
    Fax: (312) 236-3241
    tkommers@gouldratner.com