**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05C 2889 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| CLEVERLINK TRADING LIMITED, a | ) | |
| Cyprus limited liability company; | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| REAL WORLD MEDIA, LLC, a | ) | |
| California limited liability company; | ) | |
| | ) | |
| CRAZY PROTOCOL COMMUNICATIONS, | ) | |
| INC., a California corporation; | ) | |
| | ) | |
| BRIAN D. MUIR, individually, and as an officer | ) | |
| or director of Cleverlink Trading Limited and | ) | |
| Crazy Protocol Communications, Inc.; | ) | |
| | ) | |
| JESSE GOLDBERG, individually, and | ) | |
| as an officer or director of Cleverlink | ) | |
| Trading Limited and Real World Media, LLC; and | ) | |
| | ) | |
| CALEB WOLF WICKMAN, individually, and | ) | |
| as an officer or director of Cleverlink | ) | |
| Trading Limited and Real World Media, LLC, | ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |
| | ) | |
| OCEANIC TELECOMMUNICATIONS | ) | |
| SERVICES, LLC, a New Jersey limited liability | ) | |
| company, and | ) | |
| | ) | |
| COLIN H. SHOLES, | ) | |
| | ) | |
| Relief Defendants. | ) | |

_____

**RELIEF DEFENDANTS' OCEANIC AND SHOLES' ANSWER AND AFFIRMATIVE
DEFENSES TO THE SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND
OTHER EQUITABLE RELIEF**

Relief Defendants Oceanic Telecommunications Services, LLC ("Oceanic") and Colin Sholes ("Sholes"), (collectively "Relief Defendants"), by their undersigned counsel, as and for their Answer and Affirmative Defenses to the Federal Trade Commission's ("FTC") Second Amended Complaint, deny each and every allegation not specifically addressed herein, and state as follows:

1. The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and under Section 7(a) of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7706(a), to obtain preliminary and permanent injunctive relief, rescission of contracts, restitution, redress, disgorgement and other equitable relief for Defendants' deceptive and unfair acts or practices for violations of CAN-SPAM, 15 U.S.C. § 7701 *et seq*. and the FTC's Adult Labeling Rule (the "Adult Labeling Rule" or the "Rule"), 16 C.F.R. Part 316.4.

   **Answer: The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required and are not directed to the Relief Defendants. To the extent that a response is required, the Relief Defendants deny same.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a), 53(b), 57b, 7706(a) and 28 U.S.C. §§ 1331, 1337(a) and 1345.

   **Answer: The allegations contained in this paragraph call for a legal conclusion as to the Defendants to which no responsive pleading is required from the Relief**

**Defendants.  Relief Defendants deny that the Court has either personal or subject matter jurisdiction over the Relief Defendants.**

3.      Venue in the United States District Court for the Northern District of Illinois is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391 (b) (c) and (d).

**Answer:  The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, the Relief Defendants deny same.**

## PLAINTIFF

4.      Plaintiff FTC is an independent agency of the United States Government created by statute.  15 U.S.C. §§ 41-58.  The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits deceptive or unfair acts or practices in or affecting commerce.  The FTC is also charged with enforcing CAN-SPAM as if statutory violations of CAN-SPAM "were an unfair or deceptive act or practice proscribed under Section 18(a)(1)(B) of the [FTC Act] (15 U.S.C. 57a(a)(1)(B))."  15 U.S.C. § 7706(a).

**Answer:  The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required and are not directed to the Relief Defendants.  To the extent that a response is required, the Relief Defendants deny same.**

5.      Sections 13(b) and 19 of the FTC Act authorize the FTC to initiate federal district court proceedings, in its own name by its designated attorneys, to enjoin violations of any provision of law enforced by the FTC, and to secure such equitable relief as may be appropriate in each case.  15 U.S.C. §§ 53(b), 57b.

**Answer:  The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required and are not directed to the Relief Defendants.  To the extent that a response is required, the Relief Defendants deny same.**

## DEFENDANTS

6.     Defendant Cleverlink Trading Limited ("Cleverlink") is a limited liability company formed under the laws of Cyprus.  Cleverlink has formulated, directed, controlled, or participated in the acts or practices set forth in this Complaint.  Cleverlink has transacted business in the Northern District of Illinois and throughout the United States.

**Answer:  Relief Defendants admit Cleverlink was formed under the laws of Cyprus. Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

7.     Defendant Real World Media, LLC ("Real World") is a California limited liability company with its registered office at 640 Bercut Dr., Suite A, Sacramento, CA 95814. Real World has formulated, directed, controlled, or participated in the acts or practices set forth in this Complaint.  Real World has transacted business in the Northern District of Illinois and throughout the United States.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

8.     Defendant Crazy Protocol Communications, Inc. ("Crazy Protocol") is a California Corporation with its registered office at 12520 High Bluff Dr., Suite 260, San Diego, CA 92130. Crazy Protocol has formulated, directed, controlled, or participated in the acts

or practices set forth in this Complaint. Crazy Protocol has transacted business in the        Northern District of Illinois and throughout the United States.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

9.      Defendant Brian D. Muir is a director and shareholder of Cleverlink, and President of Crazy Protocol. Muir has formulated, directed, controlled, or participated in the acts or practices set forth in this Complaint. Muir has transacted business in the Northern District of Illinois and throughout the United States.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

10.     Defendant Jesse Goldberg is a director and shareholder of Cleverlink, and a manager of Real World. Goldberg has formulated, directed, controlled, or participated in the acts or practices set forth in this Complaint. Goldberg has transacted business in the Northern District of Illinois and throughout the United States.

**Answer:  Relief Defendants admit Jesse Goldberg represented himself to be a Director/Partner authorized to act on behalf of Cleverlink at all relevant times herein in transactions with the Relief Defendants. Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

11.     Defendant Caleb Wolf Wickman is a director of Cleverlink, and a manager of Real World. Wickman has formulated, directed, controlled, or participated in the acts   or

practices set forth in this Complaint.  Wickman has transacted business in the Northern District of Illinois and throughout the United States.

**Answer:  Relief Defendants admit Caleb Wickman represented himself to be a representative and primary technical contact authorized to act on behalf of Cleverlink at all relevant times herein in transactions with the Relief Defendants. Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

12.     Defendants have operated as a common enterprise in the commission of the acts or practices described herein.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

13.     Relief Defendant Oceanic Telecommunications Services, LLC, ("Oceanic") is a New Jersey limited liability company with its registered office at 830 Bear Tavern Road, Trenton, New Jersey  08628.  Oceanic has received funds derived from the unlawful activities alleged herein.  Oceanic has no legitimate claim to these funds.

**Answer:  Relief Defendants admit Oceanic is a New Jersey limited liability company with its registered office at 830 Bear Tavern Road, Trenton, New Jersey 08628. Relief Defendants deny the remaining allegations of this paragraph.**

14. Relief Defendant Colin H. Sholes ("Sholes") has received funds derived from the unlawful activities alleged herein.  Sholes has no legitimate claim to these funds.

**Answer:  Relief Defendants deny the allegations of this paragraph.**

## COMMERCE

15.     At all times material to this Complaint, Defendants have maintained a substantial course

of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act,

15 U.S.C. § 44.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in this paragraph or to form the**

**legal conclusion to which no responsive pleading is required.**

## DEFINITIONS

16.     "**Electronic mail message**" (or "email") means a message sent to a unique electronic mail

address. 15 U.S.C. § 7702(6).

**Answer:  The allegations contained in this paragraph call for a legal conclusion to**

**which no responsive pleading is required.  To the extent that a response is required,**

**the Relief Defendants deny same.**

17.     "**Electronic mail address**" means a destination, commonly expressed as a string of

characters, consisting of a unique user name or mailbox (commonly referred to as the

"local part") and a reference to an Internet domain (commonly referred to as the "domain

part"), whether or not displayed, to which an electronic mail message can be sent or

delivered.  15 U.S.C. § 7702(5).

**Answer:  The allegations contained in this paragraph call for a legal conclusion to**

**which no responsive pleading is required.  To the extent that a response is required,**

**the Relief Defendants deny same.**

18.     "**Commercial electronic mail message**" means any electronic mail message the primary

purpose of which is the commercial advertisement or promotion of a commercial product

7

or service (including the content on an Internet website operated for commercial

purposes).  15 U.S.C. § 7702(2).

**Answer:  The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, the Relief Defendants deny same.**

19.    **"Affirmative consent"** to receipt of a commercial email message means that:

(A) the recipient expressly consented to receive the message, either in response to a clear

and conspicuous request for such consent or at the recipient's own initiative, and

(B) if the message is from a party other than the party to which the recipient

communicated such consent, the recipient was given clear and conspicuous notice at the

time the consent was communicated that the recipient's electronic mail address could be

transferred to such other party for the purpose of initiating commercial electronic mail

message.  15 U.S.C. § 7702(1).

**Answer:  The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, the Relief Defendants deny same.**

20.    **"Header information"** means the source, destination, and routing information attached

to an electronic mail message, including the originating domain name and originating

electronic mail address, and any other information that appears in the line identifying, or

purporting to identify, a person initiating the message. 15 U.S.C. § 7702(8).

**Answer: The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Relief Defendants deny same.**

21. **"Initiate,"** when used with respect to a commercial email message, means to originate or transmit such message or to procure the origination or transmission of such message. 15 U.S.C. § 7702(9).

**Answer: The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Relief Defendants deny same.**

22. **"Procure,"** when used with respect to the initiation of a commercial email message, means intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf. 15 U.S.C. § 7702(12).

**Answer: The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Relief Defendants deny same.**

23. **"Protected Computer"** means a computer which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States. 15 U.S.C. 7702(13).

**Answer: The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, the Relief Defendants deny same.**

9

24.    "**Sender**" means a person who initiates a commercial email message and whose product, service, or Internet Web site is advertised or promoted by the message. 15 U.S.C. § 7702(16).

**Answer:  The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, the Relief Defendants deny same.**

25.    **"Sexually oriented material"** means any material that depicts sexually-explicit conduct as that term is defined in 18 U.S.C. § 2256, unless the depiction constitutes a small and insignificant part of the whole, the remainder of which is not primarily devoted to sexual matters.  15 U.S.C. § 7704(d)(4).  Sexually-explicit conduct is defined by 18 U.S.C. § 2256 to mean actual or simulated:

A.    sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

B.    bestiality;

C.    masturbation;

D.    sadistic or masochistic abuse; or

E.    lascivious exhibition of the genitals or pubic area of any person.

**Answer:  The allegations contained in this paragraph call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, the Relief Defendants deny same.**

## DEFENDANTS' BUSINESS ACTIVITIES

26.     Since at least April 2004, and continuing to the present, Defendants have initiated the transmission of commercial email messages to protected computers.  The primary purpose of these commercial email messages has been the commercial advertisement or promotion of Internet Web sites operated for a commercial purpose by Defendants.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

27.     Defendants operate numerous Web sites consisting of sexually oriented material.  These Web sites advertise a purported Internet dating service containing lonely housewives who want casual sexual relationships.  Defendants' Web sites include wantmorebabes.com, hotobjectofdesire.biz, maxfulltime.info, wiveswhocheat69.biz, hookuptomorrow.com and w0wo.com.  Consumers who visit Defendants' Web sites are invited to join Defendants' paid-content Web sites,  including cleverlinkmembers.com.  Defendants collect payment for access to this sexually oriented material.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

28.     Defendants' Web sites are promoted by commercial email messages.  The commercial email messages direct consumers to Defendants' paid-content Web sites by containing hyperlinks that, when clicked, take consumers to Defendants' Web sites.

11

**Answer: Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

29.    Defendants are "initiators" with respect to an email message when they have either originated or transmitted a message themselves or have procured the origination or transmission of a message through payments or other consideration, or inducements.

**Answer: Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

30.    Defendants are "senders" with respect to an email message when they have initiated a message and it is Defendants' Web sites that are being advertised or promoted by such message.

**Answer: Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

31.    In numerous instances, Defendants have initiated commercial email messages containing materially false or misleading header information. In many instances, the email contains an originating email address that was not assigned by the email service provider or was used without the authorization of the subscriber who obtained the email address from the email service operator. In other instances, the email message fails to identify accurately the protected computer used to initiate the message because the email message was

12

relayed or retransmitted through another protected computer for purposes of disguising its origin.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

32.  In numerous instances, in order to induce consumers to open and read their commercial emails, Defendants have initiated commercial email messages that contain subject headers that misrepresent the content or subject matter of the message.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

33.  In numerous instances, Defendants' commercial email messages fail to include any notification to recipients of their ability to decline receiving future email messages from Defendants, and they fail to include a reply email address or other mechanism that recipients can use to decline receiving future email messages from Defendants.  In other instances, Defendants' commercial email messages include only vague indications of recipients' rights to decline receiving future email messages from Defendants.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

34.  In numerous instances, Defendants have initiated commercial email messages that failed to include a valid physical postal address of the sender.

**Answer: Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

35.     In numerous instances, Defendants have initiated commercial email messages that include     sexually oriented material to recipients who have not given prior affirmative consent to     receive such messages. In numerous instances, these email messages fail to include the     mark "SEXUALLY-EXPLICIT: " in the subject line of the messages, fail to include the     mark "SEXUALLY-EXPLICIT: " and all required notices in the initially-viewable     content of the messages, or fail to exclude sexually oriented material from the initially-     viewable content of the messages.

**Answer: Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

## VIOLATIONS OF THE CAN-SPAM ACT

36.     The Controlling The Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7701 *et seq.*, became effective on January 1, 2004, and has since remained in full force and effect.

**Answer: Relief Defendants admit the allegations of this paragraph.**

37.     Section 5(a)(1) of CAN-SPAM, 15 U.S.C. § 7704(a)(1), states:

> It is unlawful for any person to initiate the transmission, to a protected computer, of a commercial electronic mail message . . . that contains, or is accompanied by, header information that is materially false or materially misleading.

14

**Answer: Relief Defendants admit that this paragraph states a portion of the provisions of CAN-SPAM but denies that it is complete or accurate or that it applies to the Relief Defendants.**

38.     Section 5(a)(6) of CAN-SPAM, 15 U.S.C. § 7704(a)(6), states:

> For purposes of [section 5(a)(1)], the term "materially", when used with respect to false or misleading header information, includes the alteration or concealment of header information in a manner that would impair the ability of an Internet access service processing the message on behalf of a recipient, a person alleging a violation of this section, or a law enforcement agency to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation, or the ability of a recipient of the message to respond to a person who initiated the electronic message.

**Answer: Relief Defendants admit that this paragraph states a portion of the provisions of CAN-SPAM but denies that it is complete or accurate or that it applies to the Relief Defendants.**

39.     Section 5(a)(2) of CAN-SPAM, 15 U.S.C. § 7704(a)(2), states:

> It is unlawful for any person to initiate the transmission to a protected computer of a commercial electronic mail message if such person has actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the content or subject matter of the message (consistent with the criteria used in enforcement of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45)).

**Answer: Relief Defendants admit that this paragraph states a portion of the provisions of CAN-SPAM but denies that it is complete or accurate or that it applies to the Relief Defendants.**

15

40.     Section 7(e) of CAN-SPAM, 15 U.S.C. § 7706(e), states that in any action to enforce

compliance through an injunction with Section 5(a)(2) and other specified sections of

CAN-SPAM, the FTC need not allege or prove the state of mind required by such

sections.

**Answer:  Relief Defendants admit that this paragraph states a portion of the**

**provisions of CAN-SPAM but denies that it is complete or accurate or that it applies**

**to the Relief Defendants.**

41.     Section 5(a)(3) of CAN-SPAM, § 7704(a)(3) states:

> It is unlawful for any person to initiate the transmission to a
> protected computer of a commercial electronic mail message that
> does not contain a functioning return electronic mail address or
> other Internet-based mechanism, clearly and conspicuously
> displayed, that –
>
> (i) a recipient may use to submit, in a manner specified in the
> message, a reply electronic mail message or other form of Internet-
> based communication requesting not to receive future commercial
> electronic mail messages from that sender at the electronic mail
> address where the message was received; and
>
> (ii) remains capable of receiving such messages or
> communications for no less than 30 days after the transmission of
> the original message.

**Answer:  Relief Defendants admit that this paragraph states a portion of the**

**provisions of CAN-SPAM but denies that it is complete or accurate or that it applies**

**to the Relief Defendants.**

42.     Section 5(a)(5)(A) of CAN-SPAM, § 7704(a)(5)(A) states:

> It is unlawful for any person to initiate the transmission of any
> commercial electronic mail message to a protected computer
> unless the message provides:

(i)    clear and conspicuous identification that the message is an advertisement
       or solicitation;

(ii)   clear and conspicuous notice of the opportunity under [section 5(a)(3)] to
       decline to receive further commercial electronic mail messages from the
       sender; and

(iii)  a valid physical postal address of the sender.

**Answer:  Relief Defendants admit that this paragraph states a portion of the**

**provisions of CAN-SPAM but denies that it is complete or accurate or that it applies**

**to the Relief Defendants.**

43.    Section 7(a) of CAN-SPAM, 15 U.S.C. § 7706(a), states:

       [T]his Act shall be enforced by the [FTC] as if the violation of this

       Act were an unfair or deceptive act or practice proscribed under

       section 18(a)(1)(B) of the [FTC Act] (15 U.S.C. 57(a)(1)(B)).

**Answer:  Relief Defendants admit that this paragraph states a portion of the**

**provisions of CAN-SPAM but denies that it is complete or accurate or that it applies**

**to the Relief Defendants.**

## COUNT I

44.    In numerous instances, Defendants have initiated the transmission, to protected

       computers, of commercial email messages that contained, or were accompanied by,

       header information that is materially false or materially misleading.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in this paragraph.  To the extent**

**the allegations are directed to the Relief Defendants, the allegations are denied.**

45. Defendants' acts or practices, as described in paragraph 44 above, violate 15 U.S.C.
    § 7704(a)(1).

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

## COUNT II

46.     In numerous instances, Defendants have initiated the transmission, to protected computers, of commercial email messages that contained subject headings that would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

47.     Defendants' acts or practices, as described in paragraph 46 above, violate 15 U.S.C. § 7704(a)(2).

**Answer:  Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

## COUNT III

48.     In numerous instances, Defendants have initiated the transmission, to protected computers, of commercial email messages that advertise or promote Defendants' Internet Web sites, products or services, and do not include:

18

a.      a clear and conspicuous notice of the recipient's opportunity to decline to receive

further commercial electronic mail messages from Defendants at the recipient's

electronic mail address; and/or

b.      a functioning return electronic mail address or other Internet-based mechanism,

clearly and conspicuously displayed, that a recipient could use to submit a reply

electronic mail message or other form of Internet-based communication

requesting not to receive future commercial electronic mail messages from

Defendants at the electronic mail address where the message was received, and

that remains capable of receiving such messages or communications for no less

than 30 days after the transmission of the original message.

**Answer (a-b): Relief Defendants deny knowledge or information sufficient to form**

**a belief as to the truth of the allegations contained in this paragraph including**

**subparagraphs (a) – (b) inclusive. To the extent the allegations are directed to the**

**Relief Defendants, the allegations are denied.**

49.     Defendants' acts or practices, as described in paragraph 48 above, violate 15 U.S.C. §

7704(a)(5)(A)(ii) and/or § 7704(a)(3).

**Answer: Relief Defendants deny knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in this paragraph. To the extent**

**the allegations are directed to the Relief Defendants, the allegations are denied.**

## COUNT IV

50.     In numerous instances, Defendants have initiated the transmission, to protected

computers, of commercial email messages that advertise or promote Defendants' Internet

19

Web sites, products or services and do not include the senders' valid physical postal address.

**Answer: Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

51. Defendants' acts or practices, as described in paragraph 50 above, violate 15 U.S.C. § 7704(a)(5)(iii).

**Answer: Relief Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent the allegations are directed to the Relief Defendants, the allegations are denied.**

## VIOLATIONS OF THE ADULT LABELING RULE AND CAN-SPAM IN THE TRANSMISSION OF EMAIL THAT CONTAINS SEXUALLY ORIENTED MATERIAL

52. The Commission promulgated the Adult Labeling Rule pursuant to Sections 7704(d)(3) and 7711(a) of the CAN-SPAM Act, 15 U.S.C. §§ 7704(d)(3) and 7711(a). The Rule became effective on May 19, 2004, and sets forth marks and notices to be included in commercial email messages that contain sexually oriented material.

**Answer: Relief Defendants admit that this paragraph states a portion of the provisions of the Adult Labeling Rule of CAN-SPAM but denies that it is complete or accurate or that it applies to the Relief Defendants.**

53. The CAN-SPAM Act and the Adult Labeling Rule both prohibit any person from initiating the transmission, to a protected computer, of any commercial email message that includes sexually oriented material and fails to include the phrase "SEXUALLY-

EXPLICIT:" as the first nineteen (19) characters at the beginning of the subject line.  15

U.S.C. § 7704(d)(1)(A); 16 C.F.R. § 316.4(a)(1).

**Answer:  Relief Defendants admit that this paragraph states a portion of the**

**provisions of the Adult Labeling Rule of CAN-SPAM but denies that it is complete**

**or accurate or that it applies to the Relief Defendants.**

54.     The CAN-SPAM Act and the Adult Labeling Rule also require that any message that

includes sexually oriented material place only the following information within the

content of the message that is initially viewable by the recipient, when the message is

opened by the recipient and absent any further action by the recipient ("initially viewable

content"):

A.      the phrase "SEXUALLY-EXPLICIT: " in a clear and conspicuous

manner,                         15 U.S.C. § 7704(d)(1)(B)(i); 16 C.F.R. § 316.4(a)(2)(i);

B.      clear and conspicuous notice that the message is an advertisement or

solicitation, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. § 316.4(a)(2)(ii);

C.      clear and conspicuous notice of the opportunity of a recipient to decline to

receive further commercial email messages from the sender, 15

U.S.C.                  § 7704(d)(1)(B)(ii); 16 C.F.R. § 316.4(a)(2)(iii);

D.      a functioning return email address or other Internet-based mechanism,

clearly and conspicuously displayed, that a recipient may use to submit, in

a manner specified in the message, a reply email message or other

form of                         Internet-based communication requesting not to receive

future commercial     email messages from that sender at the email address where

21

the message                    was received; and that remains capable of receiving such

messages or                    communications for no less than 30 days after the

transmission of the            original message, 15 U.S.C. § 7704(d)(1)(B)(ii); 16

C.F.R.                         § 316.4(a)(2)(iv);

E.      clear and conspicuous display of a valid physical postal address of the

        sender, 15 U.S.C. § 7704(d)(1)(B)(ii); 16 C.F.R. § 316.4(a)(2)(v); and

F.      any needed instructions on how to access, or activate a mechanism to

        access, the sexually orientated material, preceded by a clear and

        conspicuous statement that to avoid viewing the sexually oriented

        material, a recipient should delete the email message without following

        such instructions, 15 U.S.C. § 7704(d)(1)(B)(iii); 16 C.F.R.

        § 316.4(a)(2)(vi).

**Answer:  Relief Defendants admit that this paragraph including subparagraphs (a)**

**– (f) inclusive state a portion of the provisions of the Adult Labeling Rule of CAN-**

**SPAM but denies that it is complete or accurate or that it applies to the Relief**

**Defendants.**

55.     The labeling and placement requirements of the CAN-SPAM Act and the Adult Labeling

        Rule do not apply if the recipient has given prior affirmative consent to receipt of the

        message.  15 U.S.C. § 7704(d)(2); 16 C.F.R. § 316.4(b).

**Answer:  Relief Defendants admit that this paragraph states a portion of the**

**provisions of the Adult Labeling Rule of CAN-SPAM but denies that it is complete**

**or accurate or that it applies to the Relief Defendants.**

22

56.     Pursuant to Section 7711(a) of the CAN-SPAM Act, which allows the Commission to issue regulations to "implement the provisions of [CAN-SPAM]," and Section 7706(a), which provides that "[CAN-SPAM] shall be enforced by the [FTC] as if the violation of this Act were an unfair or deceptive act or practice proscribed under Section 18(a)(1)(B) of the [FTC Act] (15 U.S.C. 57a(a)(1)(B))," violations of the Adult Labeling Rule and Section 7704(d) of CAN-SPAM shall be enforced as if the violation were an unfair or deceptive act or practice proscribed under Section 18(a)(1)(B) of the FTC Act.

**Answer:  Relief Defendants admit that this paragraph states a portion of the provisions of the Adult Labeling Rule of CAN-SPAM but denies that it is complete or accurate or that it applies to the Relief Defendants.**

<u>**COUNT V**</u>

57.     In numerous instances, Defendants have initiated the transmission, to protected computers, of commercial email messages that include sexually oriented material and that:

    A.     fail to include the phrase "SEXUALLY-EXPLICIT: " as the first nineteen (19) characters at the beginning of the subject line;

    B.     fail to include, within the initially viewable content of the message, a second instance of the phrase "SEXUALLY-EXPLICIT: ";

    C.     fail to include, within the initially viewable content of the message, clear and conspicuous notice of the opportunity of a recipient to decline to receive further commercial email messages from Defendants, or a

23

functioning Internet-based mechanism that remains capable of receiving

such requests for thirty (30) days;

D.      fail to include, within the initially viewable content of the message, clear

and conspicuous display of a valid physical postal address of Defendants;

or

E.      include sexually oriented material within the subject line and/or the

initially viewable content of the message.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in this paragraph including**

**subparagraphs (a) – (e) inclusive.  To the extent the allegations are directed to the**

**Relief Defendants, the allegations are denied.**

58.     In numerous instances, recipients of commercial electronic email messages initiated by

Defendants that include sexually oriented material have not given prior affirmative

consent to receipt of such messages.  In many cases, the messages say that they are from

a       party identified as a nonexistent electronic mail address, nonsense strings of characters,

or      random strings of names.  Few, if any, recipients ever gave consent to receipt of

messages        from such parties or were given clear and conspicuous notice that any consent

they gave       to a different party could be transferred to the party identified as the source of the

messages.

**Answer:  Relief Defendants deny knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained in this paragraph.  To the extent**

**the allegations are directed to the Relief Defendants, the allegations are denied.**

24

59.     Therefore, Defendants' acts or practices violate Section 5(d) of the CAN-SPAM Act, 15

        U.S.C. § 7704(d), and the Adult Labeling Rule, 16 C.F.R. § 316.4.

        **Answer:  Relief Defendants deny knowledge or information sufficient to form a**

        **belief as to the truth of the allegations contained in this paragraph.  To the extent**

        **the allegations are directed to the Relief Defendants, the allegations are denied.**

## DISGORGEMENT OF RELIEF DEFENDANTS' ILL-GOTTEN GAINS

## COUNT VI

60.     The Relief Defendants received assets, directly or indirectly, which either are the

        proceeds or are traceable to the proceeds of Defendants' unlawful activities alleged

        herein.  The Relief Defendants have no legitimate claim to these assets.

        **Answer:  The allegations of this paragraph are denied.**

61.     The Commission is entitled to an order requiring the Relief Defendants to disgorge the

        assets described in Paragraph 60.

        **Answer:  The allegations of this paragraph are denied.**

## INDIVIDUAL AND BUSINESS INJURY

62.     Individuals and businesses throughout the United States and beyond have suffered, and

        continue to suffer, substantial monetary loss and other injury as a result of Defendants'

        unlawful acts or practices.   In addition, Defendants have been unjustly enriched as a

        result of their unlawful practices.  Absent injunctive and other equitable relief by this

        Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and

        harm the public interest.

        **Answer:  Relief Defendants deny the allegations of this paragraph.**

25

## COURT'S POWER TO GRANT RELIEF

63.     Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, empowers this

Court   to grant injunctive and other ancillary equitable relief to prevent and remedy

Defendants' violations of the FTC Act, and in the exercise of its equitable jurisdiction, to

award  redress to remedy the injury to individuals and businesses, to order the

disgorgement of monies resulting from Defendants' unlawful acts or practices, and to

order other ancillary equitable relief.  This Court may also grant equitable relief against a

relief defendant who possesses property or profits illegally obtained and has no legitimate

claim to them.  A violation of CAN-SPAM and the Adult Labeling Rule may be

remedied         in the same manner as a violation of the FTC Act. 15 U.S.C. § 7706.

**Answer:  Relief Defendants deny the allegations of this paragraph.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FTC, pursuant to Sections 13(b) and 19 of the FTC Act, 15

U.S.C. §§ 53(b) and 57b, Section 7(a) of CAN-SPAM, 15 U.S.C. § 7706(a), and the Court's own

equitable powers, requests that the Court:

1.    Enter an order enjoining Defendants preliminarily and permanently from violating

Section 5 of the FTC Act, the CAN-SPAM Act, and the Adult Labeling Rule, and

freezing Defendants' assets;

2.    Award such relief as the Court finds necessary to address injury resulting from

Defendants' violations of the FTC Act, the CAN-SPAM Act, and the Adult

Labeling Rule, including, but not limited to, rescission of contracts, restitution,

redress, disgorgement of ill-gotten gains from Defendants, and the refund of

monies paid; and

3.    Award such relief against Relief Defendants Oceanic and Sholes as the Court

finds necessary to secure funds for redress or disgorgement, including an order to

disgorge ill-gotten gains that relate to the acts and practices complained of herein,

and an order imposing a constructive trust on such gains or proceeds; and

4.    Award Plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.

**Answer:  Relief Defendants deny Plaintiff is entitled to the relief pled or any other**

**relief whatsoever as against the Relief Defendants, or any judgment in its favor whatsoever,**

**and makes not response to the remaining pleadings which call for legal conclusions to**

**which no responsive pleading is required.  To the extent a response is required, the Relief Defendants deny same.**

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

There is no subject matter jurisdiction over the Relief Defendants to assert entitlement to injunctive relief or to freeze or seize assets because the Relief Defendants own the assets in question and did not acquire them through any unlawful activity.

**SECOND AFFIRMATIVE DEFENSE**

There is no personal jurisdiction of the Relief Defendants.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to state a claim upon which relief can be granted due to the immunity provisions of CAN-SPAM 15 U.S.C. § 7705(b)(1), which provides, in part, "a person . . . that provides goods, products, property, or services to another person that violates subsection (a) of this section shall not be held liable for such violation."

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to state a claim upon which relief can be granted for unjust enrichment where there is a specific contract that governs the relationship of the parties.

**FIFTH AFFIRMATIVE DEFENSE**

Neither Relief Defendants' nor Defendants' actions were not the legal or proximate cause of the alleged injuries of consumers.

**SIXTH AFFIRMATIVE DEFENSE**

Relief Defendants' services to Defendants were not legally or proximately related to the acts complained of by Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this action from the Relief Defendants would violate the Relief Defendants rights to due process guaranteed by the U.S. Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this action from the Relief Defendants would violate the Commerce Clause of the U.S. Constitution.

### NINTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this action would violate the First Amendment to the U.S. Constitution.

### TENTH AFFIRMATIVE DEFENSE

Relief Defendants services were rendered in good faith in accordance with the law.

### ELEVENTH AFFIRMATIVE DEFENSE

Any monetary relief should be offset by the benefit received by consumers, refunds, costs associated with the sale of services, taxes, fees, fines and contractual obligations as offsets and setoffs.

### TWELFTH AFFIRMATIVE DEFENSE

The acts complained of are moot as the Relief Defendants ceased to conduct business with Defendants.

### THIRTEETH AFFIRMATIVE DEFENSE

The allegations in the Second Amended Complaint, in whole or in part, are barred by the doctrines of accord and satisfaction and/or release in that any consumers demanding credits or refunds have already received same.

WHEREFORE, Relief Defendants Oceanic and Sholes respectfully request that this Court:

(1)     Dismiss the Second Amended Complaint with prejudice and enter judgment for the Relief Defendants;

(2)     Deny any injunctive or equitable relief sought by Plaintiff;

(3)     Award the Relief Defendants their reasonable attorney's fees, disbursements and costs; and,

(4)     Grant the Relief Defendants such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Relief Defendants,
Oceanic Telecommunications Service, LLC
Colin Sholes

/s Lori E. Iwan
Lori E. Iwan
Ronald L. Wisniewski
Iwan Cray Huber Horstman
& VanAusdal LLC
303 W. Madison Suite 2200
Chicago, IL 60606
Phone: 312.332.8450
Facsimile: 312.332.8451
Email:  lei@iwancray.com
        rlw@iwancray.com

Dated:  February 24, 2006

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies pursuant to Fed.R.Civ.P. 5 and LR 5.5, that a true and correct copy of the foregoing Relief Defendant Answer and Affirmative Defenses to the Second Amended Complaint was served via electronic service on February 24, 2006 upon:

Mr. Steven M. Wernikoff
Mr. Jason K. Bowler
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, IL  60603
(312) 960-5634
(312) 960-5600 – fax

Mr. Theodore Kommers
Ms. Shannon Leiola Clark
Gould & Ratner
222 North LaSalle Street, Suite 800
Chicago, IL  60601
tkommers@gouldratner.com
sclark@gouldratner.com

Mr. Joel R. Dichter
Klein, Zelman, Rothermel & Dichter LLP
485 Madison Avenue
New York, NY  10022
jdichter@zkrd.com


<u>/s/Lori E. Iwan</u>
Lori E. Iwan
Attorney for Colin H. Sholes and
Oceanic Telecommunications Services LLC