# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 2889 | **DATE** | 3/6/2006 |
| **CASE TITLE** | FTC vs. Clerverlink | | |

**DOCKET ENTRY TEXT**

The Relief Defendants' motion to quash the subpoena the FTC issued to Wachovia Bank is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Relief Defendants Oceanic Telecommunications LLC and Colin Sholes (together, the "Relief Defendants") have moved to quash a subpoena issued by Plaintiff Federal Trade Commission (the "FTC") to non-party Wachovia Bank. The subpoena seeks records relating to three bank accounts. The FTC represented in open court that each account is a corporate or company account, not an personal account. (*See also* R. 105-1, Relief Defs.' Motion at ¶4 (alleging that the FTC's subpoena seeks financial records "held by another business conducted by Colin Sholes" and that the subpoena requests "details regarding inter-bank transfers a number of dates for the Oceanic accounts and other non-Oceanic accounts").) The Relief Defendants assert that the subpoena is improper under the Right to Financial Privacy Act (the "RFPA") and also that it seeks irrelevant information. Regarding the former, the Relief Defendants contend that "[n]either Sholes nor Oceanic were notified in accordance with the requirements of 12 U.S.C. § 3407 by the FTC." (*Id.*) *See also* 12 U.S.C. §3407 (requiring, among other things, that government authorities, such as the FTC, issue a copy of the subpoena to the customer as well as the financial institution when seeking that customer's financial records).

The RFPA does not apply to the subpoena at issue. The RFPA limits access only as to the "financial records of any customer." 12 U.S.C. §§3402, 3407. The RFPA defines "customer" as "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution . . ." 12 U.S.C. §3401(5). In turn, the Act defines a "person" as "an individual or a partnership of five or fewer individuals." 12 U.S.C. §3401(4). Thus, "[b]y its terms, the Act pertains only to the financial records of individuals and small partnerships [of five people or less]. Only those entities are 'customers' as defined by section 3401(5). It follows that a corporation is not a 'customer' within the scope of the Act." *Pittsburgh Nat. Bank v. United States*, 771 F.2d 73, 75 (3$^d$ Cir. 1985); *Collins v. Commodity Futures Trading Com'n*, 737 F. Supp. 1467, 1477 (N.D. Ill. 1990) ("Only 'customers' are protected under the RFPA, and as the terms 'customer' and 'person' are defined by the statute, only individuals and partnerships of no more than five

**STATEMENT**

individuals can qualify as customers. Thus, corporations have no basis on which to challenge the disclosure of their bank records to government agencies."); *see also Spa Flying Service, Inc. v. United States*, 724 F.2d 95, 96 (8th Cir. 1984) (the RFPA "unambiguously limits its protection to customers and small partnerships"). The RFPA does not limit the FTC's access to information related to these corporate accounts.

In addition, contrary to the Relief Defendants' assertion, the subpoena seeks information that may lead to the discovery of admissible evidence. (R. 105-1, Relief Defs.' Motion at ¶5 (alleging that the "FTC has lost sight of the fact that the allegations in the pleadings concern themselves with CAN-SPAM and the Adult Labeling Rules of CAN-SPAM as they relate to the conduct of the Defendants, not the Relief Defendants, a financial intermediary for credit card transactions").). The subpoena seeks information from one of Defendants' financial intermediaries. Among other things, the sought-after information could lead to evidence relevant to, or witnesses who could testify about, the location or amount of Defendants' allegedly ill-gotten gains – issues directly relevant to the FTC's request for relief. (*See, e.g.,* R. 86-1, Second Am. Compl. at 18, ¶2 (seeking relief including "restitution, redress, disgorgement of ill-gotten gains from Defendants, and the refund of monies paid . . .").) Accordingly, the Court denies the Relief Defendants' motion to quash.