# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| | ) | Case No. 05C 2889 |
| Plaintiff, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| CLEVERLINK TRADING LIMITED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF FILING

To:     **See Attached Service List**

PLEASE TAKE NOTICE that, on April 4, 2006, Plaintiff Federal Trade Commission filed **FTC's Response to Relief Defendant Colin Sholes' Motion For Protective Order Staying Deposition and Limiting the Scope**, with the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which is attached hereto.

Respectfully submitted,

/s Steven Wernikoff
Steven M. Wernikoff
Jason K. Bowler
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, IL 60603
Phone:      (312) 960-5634
Facsimile:  (312) 960-5600

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| | ) | Case No. 05C 2889 |
| Plaintiff, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| CLEVERLINK TRADING LIMITED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FTC'S RESPONSE TO RELIEF DEFENDANT COLIN SHOLES' MOTION
## FOR PROTECTIVE ORDER STAYING DEPOSITION AND LIMITING THE SCOPE

Sholes' motion fails to identify any legal authority or specific factual circumstances that would support the last-minute protective order he seeks to limit or delay his deposition. Sholes is a named party in this case, and the FTC has a right to obtain timely deposition testimony reasonably calculated to lead to admissible evidence concerning his liability, the underlying defendants' liability, and whether he is in contempt of this Court's prior orders. In the absence of specific facts identifying clearly defined and serious injury and particular lines of questioning that he deems improper, Sholes cannot meet his burden of good cause for issuance of a protective order limiting the broad grant of discovery under the Federal Rules of Civil Procedure.

Similarly, no good cause exists to postpone Sholes deposition, which the FTC scheduled after conferring with Sholes' counsel over six weeks ago. Sholes provides no legal authority that supports delaying his deposition until resolution of the contempt proceedings, and his assertion that FTC counsel agreed to delay his deposition until after the contempt proceedings is false. In light of the fact that discovery in this matter closes at the end of May, delaying Sholes'

deposition would likely prejudice the FTC by precluding it from identifying additional avenues of relevant discovery to explore within the Court's pre-trial schedule.

In the end, Sholes' motion should be seen for what it is – namely, an eleventh-hour attempt to delay his deposition and to deprive the FTC of its ability to obtain legally relevant discovery.  For the reasons described below, the FTC respectfully requests that Sholes' motion be denied in its entirety.

## Factual Background

On May 16, 2005, the FTC filed this action against various defendants alleging violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7701 *et seq*.  (*See* R. 1.)  One of the defendants was Cleverlink.  The FTC's complaint asserts that Cleverlink, along with other defendants, operated paid-content adult oriented websites.  (*Id.* ¶ 25.)  The complaint asserts that these websites were promoted via commercial email messages that violated CAN-SPAM.  (*Id.* at ¶¶ 26-56.)  The complaint seeks equitable relief, including monetary relief such as restitution for consumers or disgorgement of ill-gotten gains.  (*Id.* at ¶¶ 1, 58.)

On May 16, 2005, this Court granted the FTC's *ex parte* motion for a TRO.  In granting the TRO, the Court found good cause to freeze Defendants' assets to maintain the "Court's ability to grant effective final relief for consumers in the form of monetary redress or disgorgement[.]"  (*See* R. 11 at 2.)  The TRO ordered any third party to "hold and retain within its control and prohibit the withdrawal . . . or other disposal of [assets of Cleverlink, or held on behalf of Cleverlink] except by further Order of the Court[.]" (*Id.* at p. 20.)

2

On June 29, 2005, the Court entered a Stipulated PI Order.  (*See* R. 30.)  Among other things, the PI Order expressly prohibited Oceanic Telecommunications Services, LLC ("Oceanic") from withdrawing or otherwise disposing of any asset of Cleverlink, or held on the behalf of Cleverlink, unless authorized in writing by the Court or counsel for the FTC.  (*Id.* at 17.)  Oceanic facilitated the processing of customer credit card transactions on Cleverlink's websites during March and April of 2005.  (*See* R. 57, Sholes Dec. ¶ 8; R. 96-2, Sholes Dec. ¶¶ 17, 37.)  Colin Sholes is the "primary officer" of Oceanic.  (*See* R. 96-2, Sholes Dec. ¶ 1.)

On October 3, 2005, the FTC filed a motion to preserve assets and for a rule to show cause as to why Oceanic should not be held in civil contempt for violating the Court's TRO and PI Orders.  (*See* R. 48.)  The FTC asserted that Oceanic possessed and then dissipated Cleverlink's assets after receiving notice of the TRO and PI Order.  On January 11, 2006, after briefing by the parties, the Court granted the FTC's motion for a rule to show cause and directed Oceanic "to submit briefing and supporting evidence as to why the Court should not find Oceanic in civil contempt."  (R. 84, 1/11/06 Order at 5.)  Oceanic and Sholes submitted their evidentiary proffer on February 6, 2006 (*see* R. 96), and the FTC submitted its reply brief on February 21, 2006 (*see* R. 101).  The issue of whether Oceanic and Sholes are in contempt of the Court's Orders is ripe for ruling.[1]

---

[1]  Because the evidence submitted in response to the Court's Rule to Show Cause fails to raise a genuine issue of material fact (*See* R. 101-1, FTC Reply at 2-7), an evidentiary hearing on the contempt issue is not necessary.  *See, e.g., U.S. v. Berg*, 20 F.3d 304, 310 (7th Cir. 1994) ("[A] federal civil contempt proceeding is a civil proceeding governed by the rules of civil procedure[.] Those rules entitle a party to an evidentiary hearing only if there are genuine issues of material fact.").

On January 12, 2006, the FTC filed its Second Amended Complaint in this matter, adding

Oceanic and Sholes as relief defendants. (*See* R. 86.) Count VI of the Second Amended

Complaint alleges that Oceanic and Sholes received assets which are either the proceeds of, or

are traceable to the proceeds of, Defendants' unlawful activities, and that they have no legitimate

claim to the assets. (*Id.* ¶ 60.) On February 24, 2006, Oceanic and Sholes filed their answer to

the Second Amended Complaint. (R. 104.) Oceanic and Sholes denied the allegations as to

them, and asserted thirteen affirmative defenses. (*Id.* at 28-30.)

## Discovery Standards

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. Rule

26(b)(1) states in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant
> to the claim or defense of any party, including the existence, description, nature,
> custody, condition and location of any books, documents, or other tangible things
> and the identity and location of persons having knowledge of any discoverable
> matter. For good cause shown, the court may order discovery of any matter
> relevant to the subject matter involved in this action. Relevant discovery need not
> be admissible at trial if the discovery appears reasonably calculated to lead to the
> discovery of admissible evidence.

"Requests for discovery are relevant if there is any possibility that the information sought may be

relevant to the subject matter of the action." *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d

1108, 1111 (N.D. Ill. 2004). "The scope of 'relevance' for purposes of discovery is determined

by reference to subject matter in issue and not particular pleadings." *Bruggeman ex rel.*

*Bruggeman v. Blagojevich*, 219 F.R.D. 430, 436 (N.D. Ill. 2004). The party objecting to the

discovery request bears the burden of showing why that request is improper. *Id.*

Under Rule 26(c), "for good cause shown, the court in which the action is pending . . .

may make any order which justice requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). To

establish good cause for a protective order, the moving party must show that disclosure of the

information for which protection is sought "will cause a clearly defined and serious injury.*"

*Hobley v. Chicago Police Commander Burge,* 225 F.R.D. 221, 224 (N.D. Ill. 2004). Moreover,

the moving party must make "a particular and specific demonstration of fact, as distinguished

from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16

(1981). *See also Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) (party seeking to

support its assertion of good cause for entry of protective order must provide "specific examples

of articulated reasoning," rather than "stereotyped and conclusory statements").

## Argument

Sholes has not met his burden of demonstrating that a protective order is appropriate in

this case. Sholes' deposition clearly is relevant in this matter. No good cause exists pursuant to

Rule 26(c) to limit his deposition testimony or to postpone his deposition.

## I.    Sholes' Testimony Is Relevant In This Matter

It cannot be disputed that Sholes' testimony is relevant in this proceeding. Among other

things, Sholes is:

- a named party to the FTC's Second Amended Complaint which alleges that Sholes and
  his company, Oceanic, received assets that were the proceeds of Defendants' unlawful
  activities and that they have no legitimate claim to the assets;

- the primary officer of Oceanic, a company that facilitated the credit card transactions of
  the underlying Defendants and is subject to a Rule to Show Cause entered by this Court

5

on January 11, 2006 concerning the possible dissipation of assets in violation of the Court's TRO and PI Orders;

- a principal of Epoth, LLC, a company that the FTC believes sent or hired others to send email messages on behalf of Defendants; and

- a principal of Sendhitsnow, LLC, a company that the FTC believes received proceeds of Defendants' unlawful activities from Oceanic after Oceanic was served with the Court's asset preservation orders.

In sum, Sholes' testimony is relevant directly to the central issues in this case, including, but not limited to: (1) Defendants' sales transactions; (2) whether Defendants engaged in law violations; (3) whether Oceanic and Sholes violated this Court's TRO and PI Orders; and (4) whether Oceanic and Sholes have a legitimate claim to assets they retained from Defendants.

## II.   Sholes Has Not Articulated Good Cause For Limiting the Scope of His Deposition

Sholes' motion fails to articulate good cause to limit discovery pursuant to Rule 26(c). For starters, Sholes fails to identify the "clearly defined and serious injury" that could support good cause.  Instead, Sholes' motion relies entirely on pure speculation, guessing that the deposition could "*potentially* caus[e] Sholes to incriminate himself in *potential* criminal parallel actions or other actions the FTC *may be contemplating* but has yet to disclose."  (Sholes Mot. ¶ 7, emphasis added.)  Such speculative injury cannot serve as a basis for a protective order.  *See. e.g., Hobley,* 225 F.R.D. at 224.[2]

---

[2] Sholes' assertion that the FTC "has already sought criminal penalties in this action" is false. (Sholes Mot. ¶ 7.)  The FTC has no statutory authority to seek criminal penalties.  The FTC solely has moved to hold Oceanic and Sholes in civil contempt for violating the Court's orders, and, at the court's discretion, a civil contemnor may be incarcerated for failure to comply with a court's order. *See, e.g., U.S. ex rel Thom v. Jenkins*, 760 F.2d 736, 740 (7th Cir. 1985).  *See also* N.D. Ill. Local Rule 37.1.

Even if Sholes could identify clear injury, Sholes fails to identify the discovery that he seeks to preclude the FTC from obtaining. Sholes' vague assertion that "[t]he FTC seeks to . . . cover[] subjects broader than the pleadings asking him about companies and issues that have nothing to do with the present action" does not identify with any particularity the testimony he seeks to limit. (Sholes Mot. ¶ 7.) In light of Sholes' deep involvement in this matter, and the broad definition of relevance under Fed. R. Civ. P. 26(b)(1), which allows discovery of any matter reasonably calculated to lead to the discovery of admissible evidence concerning a claim or defense of any party, Sholes fails to satisfy his burden of demonstrating good cause for issuance of protective order limiting his testimony here.[3]

## III.     Sholes Has Not Articulated Good Cause For Postponing His Deposition

The fact that Sholes is subject to civil contempt proceedings before this Court is not good cause to postpone his deposition. Sholes provides no legal authority for this proposition. To the contrary, the contempt proceedings provide yet another reason why Sholes' deposition testimony is relevant. *See, e.g., United States v. City of Northlake*, 942 F.2d 1164, 1170 (7th Cir. 1991) (reversing denial of contempt motion and holding that complainant was entitled to discovery as to whether defendant was in contempt). Moreover, even if the contempt proceeding was not

---

[3]  Sholes' argument mirrors the one he raised, and this Court recently rejected, in moving to quash subpoenas addressed to PayPal and Wachovia Bank. In that motion, Sholes argued that the "FTC has lost sight of the fact that the allegations in the pleadings concern themselves with CAN-SPAM . . . as they relate to the conduct of the Defendants, not the Relief Defendants[.]" (R. 105-1, Relief Defs. Mot. at ¶ 5.) The Court declined to quash the PayPal subpoena, finding that the information could lead to evidence relevant to Defendants' email affiliates. (*See* R. 107.) The Court also declined to quash the Wachovia Bank subpoena, stating that "the sought-after information could lead to evidence relevant to, or witnesses who could testify about, the location or amount of Defendants' allegedly ill-gotten gains – issues directly relevant to the FTC's request for relief." (R. 110, 3/06/06 Order at 2.)

7

pending, Sholes' testimony is relevant concerning the subject matter related to the claims and defenses of the FTC, Oceanic, Sholes and the underlying defendants contained in the Second Amended Complaint.[4]

Sholes' assertion that the FTC agreed to postpone Sholes' deposition until after the Court's ruling on the contempt issue is not true.  As a professional courtesy, FTC counsel originally agreed to refrain from formalizing Sholes' deposition date to allow Sholes to raise the issue of postponing his deposition with the Court. ( R. 118, Rel. Def. Mot., Ex. A.)  However, Sholes did not raise his postponement argument with the Court.  Therefore, on March 15, 2006, after Sholes' counsel requested a later deposition date, the FTC formally served a Notice of Deposition on the parties setting Sholes' deposition for April 6, 2006.  (*Id.*, Ex. B.)

Sholes' attempt to transform FTC counsel's professional courtesy to allow Sholes to raise the issue of postponement with the Court into an "agreement" to postpone Sholes' deposition is totally improper.  Sholes had six weeks to raise the matter the Court, but instead noticed the present motion for a hearing on the day before Sholes' deposition is scheduled to take place.  The discovery schedule in this matter expires at the end of May, and the FTC expects that information obtained from Sholes' deposition could lead to additional avenues of relevant discovery to explore.  The FTC could hardly be expected to forego its right to discovery under the circumstances here, and it should not be punished for attempting to extend a courtesy to counsel for Sholes.

---

[4] Although FTC staff is engaging in settlement negotiations with the underlying defendants, the parties have not reached an agreement at the staff level, let alone forwarded a proposed settlement agreement to the Commission for its review.

8

**WHEREFORE**, for the reasons set forth above, the FTC respectfully requests that the

Court deny Sholes' motion for a protective order staying his deposition and limiting the scope.

Respectfully submitted,

/s Steven Wernikoff

Steven M. Wernikoff
Jason K. Bowler
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, IL  60603
Phone:          (312) 960-5634
Dated:   April 4, 2006          Facsimile:       (312) 960-5600

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **FTC's Response to Relief Defendant Colin Sholes' Motion For Protective Order Staying Deposition and Limiting the Scope** was served via electronically pursuant to the Northern District of Illinois Electronic Court Filing service pursuant to Local Rules 5.5 and 5.9, upon the following:

Joel R. Dichter
Klein, Zelman, Rothermel & Dichter, L.L.P.
485 Madison Avenue
New York, NY 10022-5803
jdichter@kzrd.com
Counsel for Defendants

Theodore Kommers
Shannon Leiola Clark
Gould & Ratner
222 N. LaSalle, 8th Floor
Chicago, IL 60601
tkommers@gouldratner.com
sclark@gouldratner.com
Local Counsel for Defendants

Lori E. Iwan
Ronald Lee Wisniewski
Iwan Cray Huber Horstman & Van Ausdal, LLC
303 West Madison, #2200
Chicago, IL 60606
Counsel for Relief Defendants Oceanic Telecommunications Services, LLC and Colin H. Sholes
lei@iwancray.com
rlw@iwancray.com

/s  Steven Wernikoff
Steven M. Wernikoff
Counsel for the FTC