# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) ) Plaintiff, ) ) v. ) ) CLEVERLINK TRADING LIMITED, *et al.* ) ) Defendants. ) ) | Case No. 05C 2889 Judge Virginia M. Kendall Magistrate Judge Jeffrey Cole |

## NOTICE OF FILING

To:     **See Attached Service List**

PLEASE TAKE NOTICE that, on May 15, 2006, Plaintiff Federal Trade Commission filed **FTC's Response To Relief Defendant Oceanic's Motion For Order Allowing Limited Release Of Funds**, with the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which is attached hereto.

Respectfully submitted,

/s Steven Wernikoff
Steven M. Wernikoff
Jason K. Bowler
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, IL 60603
Phone:     (312) 960-5634
Facsimile:  (312) 960-5600

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,  )  | |
| ) | Case No. 05C 2889 |
| Plaintiff,  ) | |
| ) | Judge Virginia M. Kendall |
| v.  ) | |
| ) | Magistrate Judge Jeffrey Cole |
| CLEVERLINK TRADING LIMITED, *et al.*,  ) | |
| ) | |
| Defendants.  ) | |

**FTC'S RESPONSE TO RELIEF DEFENDANT OCEANIC'S**
**MOTION FOR ORDER ALLOWING LIMITED RELEASE OF FUNDS**

The FTC strongly opposes Oceanic's motion to release funds. The funds at issue are the meager remainder of hundreds of thousands of dollars that Oceanic dissipated in violation of the Court's preliminary injunction order in this case. Although Oceanic fails to mention it, on January 11, 2006, this Court explicitly ordered these funds frozen pending resolution of whether Oceanic has a legitimate ownership interest in the money. Oceanic also omits that it signed a stipulation six months ago agreeing to preserve the funds. The funds should remain frozen until the Court resolves the status of the funds and allegations of contemptuous conduct by Oceanic.

Even if the Court already had not ordered the funds at issue frozen, Oceanic's motion fails to demonstrate that it lacks other funds to pay its purported business expenses. Oceanic fails to account for the hundreds of thousands of dollars it drained from its accounts after being served with the preliminary injunction order. Furthermore, Oceanic provides no support for the proposition that its sole owner, Colin Sholes, lacks funds to pay these expenses. The FTC respectfully requests that Oceanic's motion be denied.

**BACKGROUND**

On June 30, 2005, Oceanic was served with the Court's preliminary injunction which expressly prohibited Oceanic from withdrawing or otherwise disposing of any asset it held on behalf of Defendant Cleverlink Trading Limited. (R. 30 at p. 17.)[1] During July and August of 2005, the FTC attempted to obtain an accounting of the Cleverlink asserts held by Oceanic. (*See, e.g.*, R. 48, FTC Mot., at pp. 3-4.) However, after being served with the Court's preliminary injunction, and during its communications with the FTC, Oceanic dissipated most of the Cleverlink funds. (*See, e.g.*, R. 101-1, FTC Reply at pp. 7-8.)

On October 3, 2005, the FTC filed a motion to preserve assets and for a rule to show cause as to why Oceanic should not be held in contempt for violating the Court's preliminary injunction. (R. 48.) On October 6, 2005, in response to the FTC's motion, Oceanic agreed, in a signed stipulation, to freeze the relatively meager amount of money left in Oceanic's account. (R. 52, Stipulation.) On January 11, 2006, the Court granted the FTC's motion for a rule to show cause. (R. 84.) The Court directed Oceanic "to submit briefing and supporting evidence explaining why this Court should not find Oceanic in civil contempt." (*Id.* at 5.) The Court further stated:

> In addition, until the Court resolves the status of the funds possessed by Oceanic in the identified bank accounts, the Court orders Oceanic not to dissipate the remaining funds in its possession that it may be holding on Cleverlink's behalf. To the extent Oceanic fails to do so the Court will levy sanctions, if appropriate.

(*Id.* at pp. 5-6, citations omitted.)

---

[1] Oceanic has admitted that it facilitated the processing of customer credit card transactions on Defendant Cleverlink's websites during March and April of 2005 (*see* R. 57, Sholes Dec. ¶ 8; R. 96-2, Sholes Dec. ¶¶ 17, 37), and Oceanic further has admitted that it obtained over $500,000 in Cleverlink funds (*see, e.g.*, R. 57, Sholes Dec. ¶ 7; R. 57-4, Accounting).

**ARGUMENT**

I.   **NO OCEANIC FUNDS SHOULD BE RELEASED UNTIL THE COURT RESOLVES THE OWNERSHIP STATUS OF THE FUNDS**

In its ruling granting the FTC's motion for a rule to show cause, the Court ordered the exact funds at issue here frozen until the Court resolved whether Oceanic had a legitimate ownership interest in them. The Court has not resolved the issue of Oceanic's legal right to the funds, although the Court has ordered Oceanic to show cause why it should not be held in contempt for violating the Court's preliminary injunction order.[2] Because the Court specifically has ordered the funds at issue frozen, and Oceanic very well may not have a legal right to those funds, Oceanic's motion should be denied.

II.   **OCEANIC HAS FAILED TO DEMONSTRATE THAT IT DOES NOT HAVE FUNDS TO PAY ITS PURPORTED EXPENSES**

It is hardly surprising that Oceanic asserts it does not have funds in its bank accounts to pay its purported expenses. Oceanic drained those accounts prior to the resolution of the FTC's motion to preserve the assets. Oceanic never has provided an accounting of where the hundreds of thousands of dollars in Cleverlink funds that it withdrew from its accounts went. Thus far, its only explanation of where the funds went is that the funds "constituted consideration that Oceanic retained for itself[.]" ( R. 96-2, Sholes Dec. ¶ 39.) Absent an accounting of where Oceanic transferred this money, and whether those funds are available to pay its expenses, this Court should not release the remaining funds in Oceanic's accounts.

---

[2]   The FTC consistently has argued that Oceanic violated the preliminary injunction by dissipating the bulk of the Cleverlink funds over the course of three months without once asking the Court for relief.

Oceanic additionally has failed to provide an accounting of the assets of Colin Sholes, the sole owner of Oceanic. The FTC has provided evidence that a significant amount of the Cleverlink money dissipated from the Oceanic accounts went to Sholes. (*See, e.g.*, R. 62, FTC Reply at p. 5.) The FTC additionally believes that other Cleverlink funds were transferred from Oceanic's accounts to accounts of other companies owned by Sholes. Although Oceanic's motion acknowledges that Sholes thus far "has been paying Oceanic's business and legal expenses from his other available personal resources" ( R. 133, Oceanic Mot., at p. 1), the attached declaration from Sholes is silent regarding his ability to pay the purported expenses from his personal assets or the assets of other companies he owns. In sum, Oceanic's motion should be denied because Oceanic has failed to show that it does not have other funds to pay its purported expenses.

**WHEREFORE**, for the reasons discussed above, the FTC respectfully requests that the Court deny Oceanic's motion for order allowing limited release of funds.

Respectfully submitted,

/s Steven Wernikoff
Steven M. Wernikoff
Jason K. Bowler
Federal Trade Commission
55 East Monroe, Suite 1860
Chicago, IL  60603
Phone:	(312) 960-5634
Dated:  May 15, 2006				Facsimile:	(312) 960-5600

4

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of **FTC's Response to Relief Defendant Oceanic's Motion For Order Allowing Limited Release Of Funds** was served electronically pursuant to the Northern District of Illinois Electronic Court Filing service pursuant to Local Rules 5.5 and 5.9, upon the following:

Joel R. Dichter
Klein, Zelman, Rothermel & Dichter, L.L.P.
485 Madison Avenue
New York, NY 10022-5803
jdichter@kzrd.com
Counsel for Defendants

Theodore Kommers
Shannon Leiola Clark
Gould & Ratner
222 N. LaSalle, 8th Floor
Chicago, IL 60601
tkommers@gouldratner.com
sclark@gouldratner.com
Local Counsel for Defendants

Lori E. Iwan
Ronald Lee Wisniewski
Iwan Cray Huber Horstman & Van Ausdal, LLC
303 West Madison, #2200
Chicago, IL 60606
Counsel for Relief Defendants Oceanic Telecommunications Services, LLC and Colin H. Sholes
lei@iwancray.com
rlw@iwancray.com

                                              /s  Steven Wernikoff_____
                                                Steven M. Wernikoff
                                                Counsel for the FTC