# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05 C 2889 |
| CLEVERLINK TRADING LIMITED, *et al.* | ) Judge Virginia M. Kendall |
| Defendants, | ) |
| OCEANIC TELECOMMUNICATIONS SERVICES, LLC and COLIN H. SHOLES, | ) |
| Relief Defendants. | ) |

**RELIEF DEFENDANTS OCEANIC TELECOMMUNICATIONS, LLC AND COLIN SHOLES' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AS TO COUNT VI, AND RELIEF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THEIR COMPLIANCE WITH THE <u>JUNE 29, 2005 STIPULATED PRELIMINARY INJUNCTION</u>**

Relief Defendants Oceanic TELECOMMUNICATIONS SERVICES, LLC ("Oceanic") and COLIN H. SHOLES ("Sholes") (collectively "Relief Defendants") submit the following "Statement of Undisputed Material Facts" pursuant to Local Rule 56.1(a), in support of their "Motion for Summary Judgment as to Count VI," and their "Motion For Summary Judgment As To Their Compliance With The June 29, 2005 Stipulated Preliminary Injunction."

**Parties, Jurisdiction and Venue**

1. The Federal Trade Commission ("FTC") is an independent agency of the United States Government created by 15 U.S.C. §§ 41-48. (Amended Complaint ("Am. Cmplt."), Ex. 1, ¶ 4; Relief Defendants' Revised Answer ("Answer"), Ex. 2, ¶ 4.)

2. Oceanic is a New Jersey limited liability company with its registered office at 830 Bear Tavern Road, Trenton, New Jersey 08628. (Am. Cmplt., Ex. 1, ¶ 13; Answer, Ex. 2, ¶ 13.)

3. Sholes is the primary officer of Oceanic. (Declaration of Colin Sholes ("Declaration"), Ex. 3, ¶ 1.)

4. This Court has personal and subject matter jurisdiction over this matter, the Court having so ruled on June 19, 2006 (Memorandum Opinion and Order, R. 139, Ex.13.)

5. Venue is proper in the United States District Court for the Northern District of Illinois under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b), (c) and (d). (Am. Cmplt., Ex. 1, ¶ 3; Answer, Ex. 2., ¶ 3.)

**Procedural Posture**

6. FTC filed this action on May 16, 2005 against Cleverlink Trading Limited ("Cleverlink"), Real World Media, LLC, Crazy Protocol Communications, Inc., Brian D. Muir, Jesse Goldberg and Caleb Wolf Wickman ("the defendants") as defendants for alleged violations of 15 U.S.C. § 7701 *et seq*. ("the CAN-SPAM Act") and §§ 7704(d)(3) and 7711 (a) ("Adult Labeling Rule"). (Am. Cmplt., Ex. 1, ¶¶ 36-59; Answer, Ex. 2, ¶¶ 36-59.)

7. On June 29, 2005, FTC and the defendants agreed to the terms of a Stipulated Preliminary Injunction ("Preliminary Injunction") in which, *inter alia*, the defendants agreed to be prohibited from initiating the transmission of commercial e-mails with misrepresentations. (*See* Stipulated Preliminary Injunction, Ex. 4, ("Preliminary Injunction")).

8. The Preliminary Injunction stated:

> Upon being served with a copy of this Order, notwithstanding anything in Section X of this Order, Oceanic Telecommunications Services, LLC, 830 Bear Tavern Road, Trenton, NJ 08628, shall hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversation, sale or other disposal of *any account or asset of, or held on the behalf of, any Defendant, including Cleverlink Trading Limited, unless authorized in writing by the Court of counsel for the FTC*.

(Preliminary Injunction, Ex. 4, 17, ¶ D) (Emphasis added).

9. FTC served Oceanic and Sholes ("Relief Defendants" collectively) with the Preliminary Injunction on June 30, 2005 and requested that they provide FTC with an accounting of all the funds they possessed on behalf of Cleverlink, which Relief Defendants complied with. (Order to Show Cause Why the Court Should Not Find Oceanic in Civil Contempt for Violations of the Preliminary Injunction (("Show Cause Order"), Ex. 5, pg. 2.)

10. On October 3, 2005, FTC filed a Motion to Preserve Assets and for a Rule to Show Cause as to Why Oceanic Should Not Be Held in Contempt of Court for alleged violations of the Preliminary Injunction. ("Show Cause Motion," Ex. 6.)

11. This Court granted FTC's Show Cause Motion on January 11, 2006. (Show Cause Order, Ex. 5.)

12. The FTC also amended its Complaint to add Count VI, naming Oceanic and Sholes as Relief Defendants based on their alleged receipt of ill-gotten gains that FTC claimed were traceable to Cleverlink's alleged violations of the CAN-SPAM Act and the Adult Labeling Rule. (Am. Cmplt., Ex. 1, ¶¶ 60-61; Answer, Ex. 2, ¶¶ 60-61.)

13. On July 12, 2006, FTC and the defendants agreed to the terms of a Stipulated Order for Permanent Injunction and Final Judgment in which, *inter alia*, liability was not admitted and the defendants agreed to be "permanently restrained and enjoined from violating, or assisting other in

violating" the CAN-SPAM Act and the Adult Labeling Rule. (Stipulated Order For Permanent Injunction and Final Judgment as to Defendants Cleverlink Trading Limited *et al*. ((("Permanent Injunction"), Ex. 7, pgs. 7-27.)

14. The Permanent Injunction stated:

Upon entry of this Order, *Defendants shall be deemed to have assigned and transferred to the [FTC] any and all legal or equitable rights, title and interest to proceeds of credit card transactions of customers of Defendant Cleverlink Trading Limited* in the possession of the following third parties: Approximately $380,000 held by Relief Defendants Oceanic Telecommunications Services, LLC and Colin Sholes[.]

(Permanent Injunction, Ex. 7, pg. 15, ¶ F.) (Emphasis added)

15. On July 24, 2006, in response to Relief Defendants' objection to ¶ F of The Permanent Injunction the Court held that ¶ F was not an adjudication of the Relief Defendants' rights, and the FTC agreed with the Court.

16. Having stipulated to an injunction with the defendants, FTC is now pursuing its remaining claim against Relief Defendants for disgorgement. (Am. Cmplt., Ex. 1, ¶¶ 60-61; Answer, Ex. 2, ¶¶ 60-61.)

17. FTC also maintains its allegation that Relief Defendants violated the Preliminary Injunction. (Show Cause Motion, Ex. 6.)

**Oceanic and Sholes**

18. Oceanic was created on March 7, 2005 by Colin H. Sholes as a business entity to provide services to potential clients who wanted to process credit cards over the Internet. (Deposition of Colin Sholes, Ex. 9, pg. 13, lns. 1-5.)

19. Sholes was the sole officer of Oceanic and had served in that capacity for approximately four months prior to the institution of this proceeding by the FTC. (Deposition of Colin Sholes, Ex. 9, pgs. 13-14.)

**Oceanic's Business Activities**

20. In order to facilitate its business purpose, Oceanic entered into a contractual agreement with CNP Worldwide and Bankard Incorporated. (*See* Tripartite Merchant Agreement, Ex. 10.)

21. Bankard Incorporated is a bank located in the Philippines. (Deposition of Colin Sholes, Ex. 9, pg. 23, lns. 18-20.)

22. CNP Worldwide assisted Bankard in the processing of bank cards in online transactions. (Deposition of Colin Sholes, Ex. 9, pgs. 23-24.)

**Oceanic's Relationship with Cleverlink Trading Limited**

23. Cleverlink Trading Limited ("Cleverlink"), through an officer named Caleb Wolf Wickman, approached Sholes as the representative of Oceanic, with the request to create a business relationship between Cleverlink and Oceanic. (Deposition of Colin Sholes, Ex. 9, pgs. 68-69.)

24. Neither Oceanic nor Sholes had any ownership interest in Cleverlink at any time. (Am. Cmplt., Ex. 1, ¶¶ 6-14).

25. Under Cleverlink's proposed business arrangement, Cleverlink would use Oceanic's payment processing services to facilitate online purchases with credit cards. (Deposition of Colin Sholes, Ex. 9, pgs. 68-69.)

26. Cleverlink and Oceanic memorialized their business relationship in a written business contract that governed the rights and responsibilities of each party. (Merchant Payment Processing Services Agreement ("Contract"), Ex. 11; Deposition of Colin Sholes, Ex. 9, pg. 69; Judgment of June 30, 2006, Ex. 12, Magistrate Report and Recommendation, October 26, 2006, R. 161, pgs. 10-12.)

27. The Contract outlined various remedies for a breach of the agreement, including the assessment of fines and fees that Cleverlink agreed to permanently forfeit if it failed to comply with the contractual terms. (Contract, Ex. 11, pg. 22, ¶ 1(a).)

28. In pertinent part, the Contract stated:

With full understanding that [Oceanic] is expressly and directly relying on the following representations and warranties in agreeing to enter into this Agreement and to provide services hereunder, [Cleverlink] hereby makes the following representations and warranties to [Oceanic]:

(a) Strict Compliance with Laws, Rules and Regulations. [Cleverlink] does, and at all times during the term of this Agreement will, operate its business and the [Cleverlink] Website in strict compliance: (i) with all laws and regulations applicable to [Cleverlink's] business…

(i) Use of [Oceanic's] Services. [Cleverlink] will not during the term of this Agreement use any of [Oceanic's] services in any manner, or in furtherance of any activity, which constitutes a violation of any law or regulation **or which may cause [Oceanic] to be subject to investigation, prosecution or legal action.**

(Contract, Ex. 11. pg. 4, ¶ 9.)

29. After Oceanic and Cleverlink entered into the Contract, Oceanic received information that Cleverlink had not complied with the terms of the Contract and, as a result,

Cleverlink had forfeited its right to all funds on hand. (Contract, Ex. 11, pg. 22, ¶ 1(a) ¶ 10; Deposition of Colin Sholes, Ex. 9, pg. 175, lns. 15-19.)

30. Additionally, Cleverlink was assessed numerous fees and fines by Oceanic within the 24-month period following termination pursuant to the Contract entered into between Cleverlink and Oceanic after the Cleverlink account was terminated on April 20, 2005. (Deposition of Colin Sholes, Ex. 9, 198-199; Judgment Order of June 30, 2006, Ex. 12.)

31. Cleverlink did not dispute or object to the appropriateness of Oceanic's actions in assessing fines against Cleverlink and withholding funds. (Deposition of Colin Sholes, Ex. 9, pgs. 199-200; Judgment of June 30, 2006 ("Judgment"), Ex. 12.)

**Cleverlink's Breach of Contract**

32. Oceanic brought an action against Cleverlink in the Superior Court of New Jersey, Ocean County Law Division, Docket No. OCN-L-952-06 for breach of the contract between Oceanic and Cleverlink and for damages pursuant to the Contract. (Judgment of June 30, 2006, Ex. 12.)

33. On June 30, 2006, the Superior Court of New Jersey, Ocean County Law Division entered judgment against Cleverlink in the amount of $370,000 for damages arising from Cleverlink's breach of its Contract with Oceanic during March and April, 2005. (Judgment, Ex. 12.)

**Oceanic's Lack of Kowledge of Cleverlink's Business Practices and Methods**

34. There is no evidence that Oceanic had actual knowledge that Cleverlink allegedly violated the "Can-Spam Act" or "Adult Labeling Rule" for any credit card charge processed by Oceanic pursuant to the Contract with Cleverlink. (Deposition of Colin Sholes, Ex. 9; FTC's Response to Relief Defendants' Rule 34 Request for Production to FTC served July 25, 2006, ¶¶ 3, 4, 5, 6, 7, 8, 9, Ex. 14.)

35. There is no evidence that Colin Sholes had actual knowledge that Cleverlink allegedly violated the "Can-Spam Act" or "Adult Labeling Rule" for any credit card charge processed by Oceanic pursuant to the Contract with Cleverlink. (Deposition of Colin Sholes, Ex. 9; FTC's Response to Relief Defendants' Rule 34 Request for Production to FTC served July 25, 2006, ¶¶ 3, 4, 5, 6, 7, 8, 9, Ex. 14.)

36. Oceanic, through Colin Sholes, provided credit card processing services to Cleverlink in March and April, 2005.

    Respectfully submitted,

    /s/ Lori E. Iwan

    _____

    Lori E. Iwan
    Iwan Cray Huber Horstman
    & VanAusdal LLC
    303 W. Madison Suite 2200
    Chicago, IL 60606
    Phone: 312.332.8450
    Facsimile: 312.332.8451
    Email: lei@iwancray.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2006, I caused to be served a true copy of the foregoing **RELIEF DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AS TO COUNT VI, AND RELIEF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THEIR COMPLIANCE WITH THE JUNE 29, 2005 STIPULATED PRELIMINARY INJUNCTION** electronic service:

>Steven M. Wernikoff
>Jason K. Bowler
>Federal Trade Commission
>55 East Monroe Street, Suite 1860
>Chicago, Illinois 60603
>Counsel for FTC

>/s/ Lori E. Iwan
>_____
>Lori E. Iwan

9