# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 2889 | **DATE** | 2/12/2008 |
| **CASE TITLE** | Federal Trade Commission vs. Cleverlink Trading Limited, et al | | |

**DOCKET ENTRY TEXT**

For reasons stated herein, the Court grants Plaintiff's Motion to Alter or Amend Judgment [209].

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On September 28, 2007, this Court entered a Memorandum Order and Opinion in this case (the "September 28 Order") ordering Relief Defendants Oceanic Telecommunications Services, LLC ("Oceanic") and Colin H. Sholes ("Sholes") to disgorge $292,829.26 in funds representing the profits of Defendant Cleverlink Trading Ltd ("Cleverlink") to which the Relief Defendants have no legitimate claim. In arriving at that number, the Court found that Oceanic had a legitimate claim to $51,800.00 of the funds it was holding for Cleverlink because Cleverlink had agreed to pay a fee of $25 per chargeback event, of which there were a total of 2072. Now before the Court is a Motion filed by the Plaintiff, the Federal Trade Commission ("FTC"), to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e). For the reasons set forth herein, the Court grants the FTC's Motion and finds that Oceanic has no legitimate claim to, and must disgorge, the $51,800.00 in chargeback fees referred to above.[1]

"A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. *County of McHenry v. Ins. Co. Of the West*, 438 F.3d 813, 819 (7th Cir. 2006). A Rule 59(e) motion enables a district court to "correct its own errors and thus avoid unnecessary appellate procedures." *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999).

In this case, the FTC has directed the Court's attention to evidence in the record that clearly establishes a manifest error of fact. In its September 28 Order, the Court found that Oceanic had a legitimate claim to $51,800.00 in funds it had received from Mercarse, accounting for chargeback fees of $25 for each of 2,072 chargebacks on Cleverlink's account. However, while Cleverlink agreed to pay a $25 fee for each chargeback, the FTC correctly notes that Oceanic and Sholes have admitted that the chargeback fees were "deducted from Cleverlink's total settled amount by Mercarse or some other third party *before funds were transferred to Oceanic*." (Relief Defendants' Response to FTC's L.R. 56.1 Statement of Uncontested Material Facts at ¶ 59)

**STATEMENT**

(emphasis added). Accordingly, Oceanic has no legitimate claim to $51,800.00 of the fees it received from Mercarse because Mercarse – or some other third party – had already deducted chargeback fees before transferring the funds to Oceanic. The FTC also notes that the Court made an arithmetic error when it noted that, pursuant to Sholes's account statements, after deducting its fees, Oceanic owed (1) $248, 764.79 to Cleverlink from the second of two payments it was to make and (2) $95,876.19 from the third of two payments. (September 28 Order at p. 7). The Court then incorrectly added these two amounts, noting that "Oceanic never paid this $344,629.26 to Cleverlink." *Id.* at 8. The correct total of the two amounts is $344,640.98, which total amount Oceanic never paid to Cleverlink. Accordingly, to correct its arithmetic error and to correct its error regarding the $51,800.00 in chargeback fees, the Court hereby amends its September 28, 2007 Judgment to reflect that the amount Relief Defendants are required to disgorge is $344,640.98.

The FTC also asks the Court to clarify that Oceanic does not have a legitimate claim to $80,000.00 in additional Cleverlink proceeds still held by third party Mercarse. Although in the normal course of business, Mercarse would transfer those funds to Oceanic, the funds are proceeds of Cleverlink's unlawful activity and, as such, Oceanic has no legitimate claim to the funds. The fact that funds still held by Mercarse might have been, but were not, transferred to Oceanic in the normal course of business is of no moment. And the Relief Defendants have not argued otherwise. Accordingly, the Court clarifies that the Relief Defendants have no legitimate claim to the Cleverlink funds held by Mercarse.

1. For purposes of this Order, the Court assumes familiarity with the relevant facts as presented in the September 28 Order.